COHEN and wife, Appellants, vs. BRIDGES, by Guardian *ad litem,* Respondent.

*September 13—October 11, 1949.*

536

For the appellants there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald P. Hayes*.

For the respondent there was a brief by *Moran & O'Brien* of Delavan, and oral argument by *J. Arthur Moran*.

FRITZ, J.   Plaintiffs contend that the amounts assessed by the jury as their damages as the result of personal injury sustained by Mrs. Cohen are grossly inadequate; and that the inadequacy was the result of the minds of the jurors being prejudiced by the following statements by Judge DRURY in the course of the trial.   After Max Cohen had testified as to the nature and extent of the collision and consequent physical injury to his wife, and the treatment thereof by Drs. Wiswell and Cleveland, she was sworn as a witness and there were the following proceedings:

Direct examination by plaintiff's attorney, Mr. Hayes:

"*Q*. Now, I am going to ask you a number of questions, and if I ask you any questions you don't understand, say so, and if either Mr. Moran or Mr. Thorson do, tell them.   We all want you to understand so everybody can know what it is all about.   You are Bessie Cohen?   *A*. Yes.

"*Q*. Max Cohen's wife?   *A*. Yes.

"*Q*. How old are you?   *A*.   52."   [At this point the witness starts crying.]

"Court: Let's have it understood we will have no demonstrations here now.   *A*.   [volunteered] I can't help it.

"Court: Just calm yourself down and listen to the questions."

Mr. Hayes then continued with the direct examination of Mrs. Cohen, and she answered his questions and also the defendant's attorney's questions on cross-examination without any unusual occurrence, or any reference by the attorneys or the court to her manner or conduct as a witness. Mrs. Cohen and also the physicians called by plaintiffs testified that she was afflicted with uncontrollable crying spells. But, promptly upon the court's admonition, she could and did control her emotions, and there was no further emotional display on her part throughout the trial.

Plaintiffs claim that the impropriety of the above-stated remarks by Judge DRURY was accentuated, and therefore constituted prejudicial error by reason of his use of the words "if any" in the course of the following statement in his instructions to the jury, to wit:

"To what extent, *if any*, the *ability of the plaintiff*, Bessie Cohen, *to render services, assistance, and society* other than physical to her husband, which would otherwise have been within her power, *has been impaired as a result of her injuries, if any*, sustained by her in the accident in question is for you to consider and determine from all of the credible evidence in the case. . . . In estimating such damages you should consider *the nature and extent of her physical and mental injuries, if any*, whether permanent or otherwise, the effect produced thereby, and the effect which it is reasonably certain from the evidence such injuries will produce upon her general health, and if you are satisfied to a reasonable certainty by a fair preponderance of the evidence that she has sustained permanent disability and impairment of health as a result of such injuries, having considered the nature and extent and reasonably certain effects thereof, you should include such prospective damages *on account of bodily and mental impairment of health and ability, if any*, as you are satisfied to a reasonable certainty by a fair preponderance of the evidence she will sustain in the future as a direct result of such injuries. . . ."

It is true that as undisputed evidence established that Mrs. Cohen did sustain some injury as the result of the collision, the

words "if any" in the above-quoted clause, "has been impaired as a result of her injuries, *if any*" may have been somewhat inapplicable or improper. But as the jury found that as the result of defendant's negligence Mrs. Cohen sustained substantial damage to the extent of $2,000 for her personal injury, and her husband sustained damages to the extent of $500 for his loss of her assistance and society, and $843 for medical and hospital expenses, it is evident that the jury was not misled or prejudiced by the words "if any" in the clause last quoted. And Judge DRURY's use of the words *"if any"* in the three other instances in the above-quoted instruction was not improper because in each of those instances there were issues under the evidence for the jury as to whether and, if so, to what extent there existed as consequences of Mrs. Cohen's injuries the conditions or consequences stated in the instruction. Consequently, it was proper for the court to instruct the jury to determine if there has been any such impairment, and if so to what extent her ability to render services and assistance and society to her husband has been impaired, and whether such impairment will continue in the future so that prospective damages should be awarded therefor. On the other hand, if in these three instances the court had omitted the words "if any," the meaning of the instruction would have been that the evidence established so conclusively that there was no issue whatever in that respect that Mrs. Cohen had in fact sustained physical and mental injury to such an extent as to impair her ability to render service, assistance, and society to her husband; and that the nature and extent of her injuries were such that she did sustain permanent bodily and mental disability, and impairment of her health and ability. Such an instruction would have conclusively assumed facts in favor of plaintiffs' contentions, which were in issue under the evidence and may or may not have existed, and that would have constituted unwarranted invasions of the province of the jury. As stated in *Cupps v. State,* 120 Wis. 504, 522, 97 N. W. 210, 98 N. W. 546,—

"The limitation upon the right of a trial court to speak of facts as established in charging a jury has often been said to be that it must stop where in any reasonable view of the evidence there is room for debate as to where the truth lies. . . . The general view of this subject as held by the highest courts of the country is summed up in 11 Ency. Pl. & Pr. 116, thus: 'An instruction which assumes the existence or nonexistence of material facts in issue invades the province of the jury, and is erroneous if there be any evidence in conflict with such assumption.'"

Although there is evidence which the jury could consider credible, that as a result of the collision Mrs. Cohen received bruises, cuts, and contusions on July 23, 1947, and sustained physical and mental injuries because of which she may sustain permanent bodily and mental disability and impairment which were disabling for several months, there is also evidence which the jury could consider credible because of which there is grave doubt that at the time of the trial she was suffering from any serious physical or mental injuries or impairment of her health or ability. Thus, on direct examination she testified that her legs were shaky; that she could not walk a straight line; that she had lost her sense of balance; that her spine bothered her, necessitating wearing a collar sometimes all day; that she cries all the time; that she could not go to the movies; that she had frequent dizzy spells; that she did some but not all of the housework, and some of the cooking and cleaning.

However, there is evidence also that since five months after the accident she had driven her car to Williams Bay, Lake Geneva, and Delavan; that during July, 1948, she accompanied her husband on an automobile trip to Florida during the hot season; that at the time of the trial she customarily went for a ride and called on friends in the evening; that about three times a week she and her husband went to a tavern near their home for dinner and to spend the evening; that shortly before the trial she spent three days at the Elkhorn Fair, ar-

riving there at nine or nine-thirty in the morning and remaining there until about nine in the evening, and sat in her son's booth and at times assisted in the selling. When adversely examined on August 12, 1948, she testified that she was doing all of her housework, preparing all of her meals, operating a vacuum cleaner, doing laundry with a Bendix, doing her own ironing and her own shopping. Although she and her medical experts testified that she was afflicted with uncontrollable crying spells, she could and did control her emotions promptly upon the court's admonition, and did not indulge in any further emotional display throughout the trial. Had the jury wholly believed Mrs. Cohen's testimony as to the seriousness of her physical condition at the time of the trial, and disbelieved all of the testimony which tended to minimize those injuries, including the testimony of Dr. Mufson, doubtless the award of damages would have been somewhat higher. But assuming that the jury took the contrary view, which was within its province to do, then its award of damages is beyond criticism and perhaps liberal.

Under the evidence neither the use of the words "if any" in the instructions nor the judge's remarks to Mrs. Cohen constituted prejudicial error. When, upon answering her attorney's first simple questions, she began to cry without any apparent provocation, Judge DRURY's remarks to her were suggestions which he could consider proper and necessary to make to a witness under the circumstances. The remarks did not imply any insinuation or suggestion as to her credibility or the merits of plaintiffs' causes of action; and at the time her attorneys neither objected to nor questioned the propriety thereof. That they were not disconcerting, but rather conducive to her composure seems evident in view of the facts that she ceased crying immediately and did not cry thereafter, and apparently testified without any difficulty; and they were, under the circumstances, within the province of the

court in its duty to maintain the dignity and decorum befitting a court of law, and to insure a fair and impartial trial. As stated in 53 Am. Jur., Trial, p. 79, sec. 81,—

"While a trial judge should not in jury cases indicate by his conduct either favor or disfavor toward witnesses, it may often happen in the course of a trial that some occurrence will warrant comment by the court on the conduct of a witness. Such comment when within reasonable bounds and appropriate to the character of the occurrence does not amount to legal error which is the foundation of an exception."

*By the Court.*—Judgment affirmed.