FRANK E. HANNAN *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

JOHN C. MASCO *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

BROWN, C. J., JENNINGS, BALDWIN, O'SULLIVAN and COMLEY, Js.

Argued June 7—decided August 15, 1950

*Harry Silverstone*, assistant attorney general, with whom, on the brief, was *William L. Hadden*, attorney general, for the appellant (defendant).

*James F. Rosen*, for the appellees (plaintiffs).

BALDWIN, J. These two appeals were argued together because they present facts substantially alike and raise the same question of law. The issue determinative of the appeals is whether the plaintiffs are eligible for benefits under the Connecticut Unemployment Compensation Act for such periods of time as they were receiving subsistence allowances under the federal Servicemen's Readjustment Act.

The plaintiff Hannan was employed in Bridgeport until separated from his employment on June 16, 1949, owing to lack of work. He moved to Pennsylvania, where he registered for work and filed claims for unemployment benefits against Connecticut at the Pennsylvania bureau of employment and unemployment compensation. The next day he entered Pittsburgh

Technical Institute. He attends school from 8:30 a. m. until 1 p. m. He receives $75 each month as a subsistence allowance from the federal government under the Servicemen's Readjustment Act. If he could obtain daytime employment his schedule of studies at the Institute could be arranged so that he could attend night classes.

The plaintiff Masco worked in Stratford until separated from his employment in October, 1948, because of lack of work. He returned to Pennsylvania, where he worked until April, 1949, when he was laid off owing to lack of materials. While employed there in January, 1949, he entered a radio school to continue his schooling. After he was separated from his employment he attended classes from 8:15 a. m. to 12:45 p. m. five days a week. He receives a subsistence allowance of $105 a month under the Servicemen's Readjustment Act. He has registered for employment and filed benefit claims against Connecticut at the Pennsylvania bureau but has had no referrals. There are no evening classes in the school which he attends. If he could find employment he would give up his school work.

The administrator of the Connecticut Unemployment Compensation Act denied compensation and was sustained by the commissioner. On appeal to the Superior Court the decisions of the commissioner were reversed and the appeals of the plaintiffs were sustained; from the judgments entered thereon the administrator appeals to this court.

The Servicemen's Readjustment Act of 1944, as amended, commonly called the "G. I. Bill of Rights," entitled the plaintiffs to the benefits of the educational or training program provided in the act, including the cost of tuition and subsistence at the rate of $75 a month if single or $105 a month if, while school is attended, there is one dependent, to be paid by the federal gov-

ernment.  58 Stat. 287, as amended, 38 U. S. C. § 744 (Sup. 3, 1950), Vet. Reg. No. 1 (a), Part 8.

On March 24, 1943, the Congress enacted a law providing for the vocational rehabilitation of veterans disabled in the service.  57 Stat. 43, Vet. Reg. No. 1 (a), Part 7.  Vocational training programs were authorized as well as authority given to contract with public and private institutions for such additional training facilities as might be necessary to accomplish the purposes of the act.  This act further authorized additional pension payments necessary to bring the recipient up to the full amount allowed for total and temporary disability.  It expressly provided that if the course of vocational rehabilitation furnished to the veteran consisted of training on the job by an employer the administrator might reduce the pension to an amount considered equitable and just but not below the amount of pension or retirement pay the veteran would be entitled to receive for a service-connected disability if not taking the training course.

On June 22, 1944, Congress passed the Servicemen's Readjustment Act, hereinbefore referred to, "to provide Federal Government aid for the readjustment in civilian life of returning World War II veterans."  58 Stat. 284.  An educational and training program such as was originally inaugurated for disabled veterans was extended to all veterans, and subsistence allowance was provided.  Veterans attending courses on a part-time basis or receiving compensation for performing productive labor in their training program were entitled to such lesser sums, if any, as the administrator might determine.  In addition thereto, title 5 of the act made available to former members of the armed forces who were unemployed a so-called readjustment allowance at the rate of $20 a week for not exceeding fifty-two weeks.  It was expressly stated (58 Stat. 295, § 700[a])

that "no such allowance shall be paid for any period for which [the veteran] receives increased pension under part [7] of Veterans Regulation 1 (a) or a subsistence allowance under part [8] of such regulation." It was the plain intent of the framers of the act that a veteran might qualify (a) as a disabled veteran who would be entitled to an educational and training program with an increased pension for his subsistence, (b) for an educational program with a subsistence allowance for the time he was engaged in it, or (c) for a readjustment allowance for each week of unemployment not exceeding a total of fifty-two weeks. The receipt of any one of these benefits precluded him from being eligible for either of the others. It was the manifest intention of the Congress that those who received one form of benefit should not also receive another. Kimbrough & Glen, American Law of Veterans, p. 224, § 295; 58 Stat. 298, § 1000.

General Statutes, § 7508, provides, inter alia: "Disqualifications. An individual shall be ineligible for benefits . . . (4) during any week with respect to which the individual has received or is about to receive remuneration in the form of (a) . . . any payment by way of compensation for loss of wages, or any other state or federal unemployment benefits . . .; (7) during any week with respect to which an individual is receiving any unemployment allowance or compensation granted by the United States under an act of congress to ex-servicemen in recognition of former military service." The determination of the meaning of these two provisions read together presents a problem of statutory construction which involves a consideration of their terms and the purpose and intent which caused their adoption. *Hartford Production Credit Assn.* v. *Clark,* 118 Conn. 341, 343, 172 A. 266; *Chambers* v. *Lowe,* 117 Conn. 624, 626, 169 A. 912; *Waterbury Savings*

*Bank* v. *Danaher,* 128 Conn. 78, 81, 20 A. 2d 455. In interpreting the provisions of § 7508 in the light of the federal legislation, we note that subsection (4) was a part of our statute law before the federal acts hereinbefore referred to were adopted. Cum. Sup. 1939, § 1339e(b) (4). In May, 1943, subsection (7) was added to our statute, to take effect October 1, 1943. Sup. 1943, § 710g, as amended, Sup. 1945, § 966h. The Congress had already made provision for the education and training of disabled veterans and for their subsistence while taking such training. We cannot believe, in the light of the legislative history of our act and the language used, that the legislature intended otherwise than to avoid a duplication of benefits so far as claims against the Connecticut unemployment funds were concerned, just as the Congress had done. The language is broad. "[A]ny unemployment allowance or compensation granted by the United States . . . to ex-servicemen in recognition of former military service" means just what it says, compensation in the form of unemployment allowances or compensation in the form of cost of training and money for subsistence during that training. It could hardly be thought necessary, when the Servicemen's Readjustment Act was adopted, to change this broad wording.

It is argued that the subsistence allowance is not "unemployment allowance or compensation" within the terms of the disqualifying clause. The subsistence allowance was, in effect, a substitute for wages which the recipient was not able to earn while pursuing a course of study. As stated heretofore, the federal act calls for reductions in the subsistence allowance when the veteran is employed on a job-training program for which he receives pay. "Subsistence allowance is neither pension nor compensation. It is a monetary allowance intended to provide a person in receipt of education or

training under [Veterans' Regulation No. 1 (a), Part 8] with a measure of support during such education or training. The full allowance is awarded to one pursuing a full-time course, without requiring the applicant to show need, but such award should not be made to one who is gainfully employed in full-time employment, even though pursuing a full-time course of education or training under part [8]." Admr. Vet. Affs. Dec. No. 603 (1944). Under Part 8, a veteran who is employed and may be expected to support himself may nevertheless be eligible for education and training, without the payment of any subsistence. The administrator recognizes that many persons eligible for education or training would be unable to take advantage of the benefit without some provision for their own subsistence and the maintenance of their dependents unless engaged in employment on a part-time or full-time basis while pursuing the course of education or training, and federal aid is supplied through the payments of subsistence allowance to make it possible for such veterans to take advantage of the program. Admr. Vet. Affs. Dec. No. 718 (1946). It must be said that after these decisions were rendered the Congress in 1948 (62 Stat. 19) increased the amount of subsistence allowance of those persons only who were pursuing a course of full-time institutional training, because such veterans were precluded by their education and training programs from earning any wages. The veteran who takes a part-time course and earns wages for his part-time work is compensated with a subsistence allowance for the difference. The veteran who gave up his course of studies to go into the service or the veteran who now desires to continue his education after he has been in service and to take advantage of the statutory benefits to which he is entitled must delay remunerative employment until his studies are completed. The

allowance is a benefit related to unemployment in that it is an allowance for support during a period of voluntary unemployment. The subsistence allowance paid under the circumstances of the present cases is an "unemployment allowance or compensation" within the fair intent of subsections (4) (a) and (7) of § 7508. To hold otherwise would lead to endless inequalities among veterans and would result in a duplication of benefits which both the Congress and the General Assembly intended to avoid.

There is error, the judgments are set aside and the cases are remanded with direction to dismiss the appeals.

In this opinion the other judges concurred.