CHARLES FELIX *v.* HALL-BROOKE SANITARIUM

INGLIS, C. J., BALDWIN, O'SULLIVAN, QUINLAN and WYNNE, JS.

Argued November 5—decided December 15, 1953

*James F. Rosen* and *Louise Untermyer Wit,* for the appellant (plaintiff).

*John E. McNerney,* with whom, on the brief, were *Francis J. Moran* and *Albert R. Moquet,* for the appellee (defendant).

O'SULLIVAN, J. The plaintiff sued the defendant to recover damages under a complaint alleging a cause of action for assault and battery and one for false imprisonment. The answer was in the nature of a general denial. After the parties had rested, the court, upon motion, directed a verdict for the defendant upon the cause of action for false imprisonment but submitted to the jury the cause for assault and battery. They returned a defendant's verdict. The plaintiff has appealed.

We first dispose of the assignment of error attacking the partial direction of the verdict. Technically, the direction of a verdict is not in itself a ground of error. The question whether such action was warranted may be raised only by attacking a denial of a motion to set aside the directed verdict. Practice Book §§ 381, 377. Because of the peculiar circumstances in this case, however, we will discuss the propriety of the court's action even though the matter has not been properly raised.

In testing the correctness of the court's action, we must consider the evidence in the aspect most favorable to the plaintiff. *Burley* v. *Davis,* 132 Conn. 631, 634, 46 A.2d 417; Maltbie, Conn. App. Proc., § 117. Evidence of that character, as it relates to the cause of action for false imprisonment, establishes, for the present purpose, the following facts: The defendant corporation conducts a sanitarium at Westport for the care of the mentally ill. On August 30, 1947, the plaintiff was seen professionally at Bethlehem by Dr. Rogowski, a specialist in mental diseases. As a result of his diagnosis, the doctor decided to send the plaintiff to the defendant for treatment. After first telephoning to the institution to make arrangements for the plaintiff's care, the doctor wrote out an emergency certificate of commitment of the plaintiff on a

form provided by the Connecticut state department of health. The certificate recited: "Charles Felix . . . is in need of immediate treatment in a hospital for mental diseases for the following reasons: Patient is hypomanic with grandiose ideas. He is irritable and headstrong and liable to get into serious trouble." After the doctor had signed the certificate and had sworn, before competent authority, to the truth of the matters contained therein, it was given to Robert Schnitman, the plaintiff's son-in-law. On the following day, that is, on August 31, 1947, Schnitman, accompanied by several members of the plaintiff's family, took the plaintiff by automobile from Bethlehem to the defendant's institution and turned him over to some of the defendant's employees, after delivering to the one in charge the emergency certificate executed by the doctor. The plaintiff was kept at the institution until he was released on September 21, 1947.

The court was correct in directing the verdict because of the plaintiff's inability to prove the elements of false imprisonment. Speaking broadly, false imprisonment is the unlawful restraint by one person of the physical liberty of another. 1 Swift's Digest 494; 22 Am. Jur. 353; see *McGann* v. *Allen,* 105 Conn. 177, 187, 134 A. 810; *Porter* v. *Ritch,* 70 Conn. 235, 255, 39 A. 169. The physical restraint imposed upon the plaintiff was not unlawful. The defendant was fully protected, by virtue of the statute then in effect, from any successful claim of false imprisonment. General Statutes, Rev. 1930, § 1732, as amended by Cum. Sup. 1935, § 676c. Under the provisions of that statute, any person who, like the plaintiff, has suddenly become in need of care and treatment in a hospital for mental illness may be "confined in such hospital, either public or private, for not more than

thirty days without order of any court." The statute further provides that "[a]t the time of delivery of such person to such hospital, there shall be left, in the hands of the person in charge thereof, a certificate signed and sworn to by some reputable physician not more than three days prior thereto, stating that, after a personal examination made not more than three days prior to the date of such certificate, he is of the opinion that the person therein named is in need of immediate treatment and the reasons therefor." While there is no express provision that the receipt of such a certificate is lawful authority for holding the person delivered at the institution, it is necessarily to be implied in view of the language used and of the purpose which the legislature sought to attain. See *Hannan* v. *Administrator*, 137 Conn. 240, 244, 75 A.2d 483. Since the emergency certificate met all the conditions prescribed by the statute, its delivery to the defendant carried immunity from an action for false imprisonment.

The plaintiff assigns further error in the refusal of the court to grant permission to file a motion to set the verdict aside. A motion of that nature "must be filed with the clerk within twenty-four hours, exclusive of such days as the clerk's office is not required to be open for at least two hours, after the verdict is accepted." Practice Book § 233. The rule further provides that "for good cause the court may extend this time." Ibid. The verdict in the case at bar was returned and accepted on December 11, 1952. On December 24, 1952, the plaintiff, who had discharged his counsel directly after the trial had been concluded, engaged a new one. The latter immediately filed a motion seeking an extension of the twenty-four-hour limitation provided in the rule. The "good cause" for which the extension was re-

quested was the alleged illness of trial counsel on the day when and on the day after the verdict had been accepted. At a hearing held on January 2, 1953, trial counsel, who was called by the plaintiff, denied that he had been ill as alleged. No other testimony was offered on the matter. The court thereupon denied the plaintiff's motion. The finding of good cause lies largely within the discretion of the trial judge. *Aubrey* v. *Meriden,* 121 Conn. 361, 365, 185 A. 87. In view of the failure of the plaintiff to prove the sole ground advanced by him as a reason for extending the time limitation within which to file a motion to set the verdict aside, there was obviously no abuse by the court of its discretion.

Another assignment of error is addressed to what the plaintiff maintains was the prejudicial attitude which marked the conduct of the trial judge. An assignment of this nature is one not lightly to be made or summarily to be disposed of. Because of the gravity of the accusation, which strikes at the very core of judicial integrity and tends to undermine public confidence in the established judiciary, we have examined the record with infinite care, in fairness and justice both to a litigant in the case at bar and to a member of the bench of this state.

No more elementary statement concerning the judiciary can be made than that the conduct of the trial judge must be characterized by the highest degree of impartiality. If he departs from this standard, he casts serious reflection upon the system of which he is a part. A judge is not an umpire in a forensic encounter. *Strong* v. *Carrier,* 116 Conn. 262, 263, 164 A. 501. He is a minister of justice. *Peiter* v. *Degenring,* 136 Conn. 331, 338, 71 A.2d 87. He may, of course, take all reasonable steps necessary for the orderly progress of the trial. *State* v.

*Schneider,* 158 Wash. 504, 515, 291 P. 1093. It may occur that comment by the trier is at times required. Thus, he may caution a witness to pay attention to the questions propounded. *Kendrick* v. *Healy,* 27 Wyo. 123, 152, 192 P. 601; *Cohen* v. *Bridges,* 255 Wis. 535, 541, 39 N.W.2d 373. He may use reasonable efforts to restrain a garrulous witness. *Patterson* v. *State,* 191 Ala. 16, 18, 67 So. 997. In whatever he does, however, the trial judge should be cautious and circumspect in his language and conduct. He should refrain at all times from indulging in any improper remarks that may injure a litigant in the eyes of the jury. *Barlow Bros. Co.* v. *Parsons,* 73 Conn. 696, 706, 49 A. 205.

Not every departure from the norm, however, is reversible error. Prejudice to the unsuccessful party, or at least the possibility of it, must appear to have occurred before this court will be justified in depriving the successful party of the result of the litigation which, so far as it was affected by his actions, he has obtained by fair means. *Wood* v. *Holah,* 80 Conn. 314, 316, 68 A. 323; *Pettibone* v. *Phelps,* 13 Conn. 445, 450. Furthermore, assignments of error directed to the conduct or statements of the trial judge will not ordinarily be considered on appeal in the absence of an exception taken at the time. *Drumm-Flato Commission Co.* v. *Edmisson,* 208 U. S. 534, 540, 28 S. Ct. 367, 52 L. Ed. 606; *State* v. *Dobbins,* 152 Iowa 632, 641, 132 N.W. 805; *Hummelshime* v. *State,* 125 Md. 563, 569, 93 A. 990; *Harrington* v. *Boston Elevated Ry. Co.,* 229 Mass. 421, 434, 118 N.E. 880; *Seiner* v. *State,* 138 Neb. 130, 132, 292 N.W. 112; *Pelton* v. *Spider Lake Sawmill & Lumber Co.,* 132 Wis. 219, 231, 112 N.W. 29.

One of the plaintiff's criticisms of the trial judge deals with the manner in which he handled the fol-

lowing situation: While the plaintiff was on the stand, he volunteered the information that he was telling the truth. Counsel then stated, "That is what I was looking for a little while ago but the Court has ruled against it." The court then said: "[T]hat remark was entirely uncalled for and as a member of the bar it should not have been made. . . . [T]he Court does not rule out the truth, as you would imply from the statement you made. . . ."

Another criticism of the judge involved these facts: While the plaintiff was testifying, his answers were not responsive. At times, he became excited, cried and stood up in the box. During one of these emotional demonstrations, the court said, "That is the last outburst we are going to have. Whether there is motion or not by defense counsel, I intend to declare a mistrial the next time you act that way." Other criticisms of a comparable nature need not be recited.

It would have been better had the trial judge refrained from making these observations in the presence of the jury, however warranted they may have been for the orderly progress of the case. As previously pointed out, the judge must be most circumspect in what he says and does lest, inadvertently, his observations or his conduct prejudice the jury against one of the litigants. Ordinarily the jury have great respect for the trial judge and it is not difficult to understand how readily they are influenced by any suggestion coming from him, whether the suggestion be by word or by conduct.

We cannot find, however, that these occurrences in the case at bar amounted to reversible error. Not only did the plaintiff fail to take a single exception at the time to any of these claimed improper actions of the trial judge but we are unable to discern any

real probability of harm done to the plaintiff. The assignment under discussion does not justify the granting of a new trial.

Rulings on evidence, presented by other assignments of error, require no comment. They involve rulings where no exceptions were taken or where the record fails to disclose that the exclusion of the answer was harmful to the plaintiff.

There is no error.

In this opinion the other judges concurred.