RICHARD MILLER III v. THOMAS DROUIN ET AL.

BOGDANSKI, SPEZIALE, PETERS, HEALEY and PARSKEY, Js.

Argued November 13, 1980—decision released February 17, 1981

*Richard W. Wright,* for the appellant (plaintiff).

*Gerald R. Swirsky,* for the appellees (defendants).

PARSKEY, J. In this action for personal injuries allegedly caused by a rear-end collision between the cars of the parties,[1] the defendant admitted liability and the case was tried to the jury on the issue of damages. The jury returned a verdict for the plaintiff in an amount which the plaintiff claims, inter alia, was improperly influenced by the conduct of the trial court. The trial court denied the plaintiff's motion to set aside the verdict and from the judgment rendered on the verdict the plaintiff has appealed.

Prior to the selection of the jury the court suggested to defense counsel that he secure permission from his client to admit liability. The plaintiff claims that this suggestion prejudiced his case because it deprived him of the opportunity of having the jury award increased damages because the defendant had "the inconsonant (sic) gall to deny liability." This claim rests on a distorted and disturbing perception of the purpose served by an award of damages. In this state even punitive damages are designed not to punish the defendant for his offense but rather to compensate the plaintiff for his injuries. *Tedesco v. Maryland Casualty Co.,* 127 Conn. 533, 538, 18 A.2d 357 (1941); *Doroszka v.*

---

[1] The plaintiff was the operator of a motor vehicle which was stopped in traffic waiting for a school bus when it was struck from behind by the defendant's motor vehicle.

*Lavine,* 111 Conn. 575, 578, 150 A. 692 (1930). A trial is a search for truth. The defense of the indefensible is a charade. If a party litigant chooses this course he may be obliged to suffer the consequences of his indiscretion. But the trial judge, as a minister of justice; *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 580, 102 A.2d 345 (1954); has the higher obligation to see that justice is done. A suggestion to counsel that will result in a limitation of the contested questions to those really in issue comports with the high obligations of his ministry. In this case, the trial court's desire to expedite the trial of this rear-end collision can fairly be said to have been the basis of the suggestion to try the case on the basis of admitted liability.[2]

The plaintiff next claims that the court erred in instructing the plaintiff to amend his pleadings by deleting his claim for property damage. This claim is not properly before us because there is nothing in the record indicating that the plaintiff objected to the court's ruling. "This court has repeatedly indicated its disfavor with the failure of a party, whether because of a mistake of law, inattention or design, to object to claimed errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, to assign such errors as grounds of appeal." *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 568, 345 A.2d 520 (1973).

[2] Even though liability was not at issue, to assist the jury in resolving the issue of the probable extent of his injuries proximately caused by the defendant's negligence, the plaintiff was allowed to demonstrate the severity of the impact by evidence of speed, physical impact, lookout, control and the distance between the cars after impact.

Finally, the plaintiff claims that the manner in which the trial court examined his key witness, Dr. John W. Burgess, prejudiced his case. Because the only issue in the case involved damages, the plaintiff argues that the trial court's action tended to disparage his expert witness in the eyes of the jury, thereby reducing the amount of damages awarded.

The trial judge occupies a unique position in the trial of a case. He is not a neutral observer of a forensic contest. His primary obligation is to see that justice is done. And yet in discharging this obligation he must remain fair and dispassionate, eschewing the role of an advocate. "While he may indicate to the jury by his questioning his opinion as to the credibility of a witness, he must leave that question open to the jury. And if he shall have expressed or indicated to the jury his belief as to the credibility of a witness, he should in his instructions to the jury make it clear that his opinion was for their consideration but was not binding upon them." *State* v. *Cianflone,* 98 Conn. 454, 469, 120 A. 347 (1923). "[T]he judge must be most circumspect in what he says and does lest, inadvertently, his observations or his conduct prejudice the jury against one of the litigants. Ordinarily the jury have great respect for the trial judge and it is not difficult to understand how readily they are influenced by any suggestion coming from him, whether the suggestion be by word or by conduct." *Felix* v. *Hall-Brooke Sanitarium,* 140 Conn. 496, 503, 101 A.2d 500 (1953).

Three expert witnesses testified at the trial. The plaintiff called Dr. John W. Burgess, a chiropractic

physician.[3]   The defendant called Dr. Willard
Greenwald and Dr. Robert Fisher, both orthopedic
surgeons.   During Burgess' testimony, both on
direct and on cross-examination, the trial court
interjected its own questions on numerous occasions.   These questions ranged from simple requests
for information to skeptical interrogation.   The
court's examination could reasonably be construed
by the jury as undermining this doctor's credibility.
Both Greenwald and Fisher testified with virtually
no interruptions by the court.

A crucial element in this case is that the plaintiff
raised his objection to these interruptions after the
court's charge to the jury.   Once the matter was
brought to the court's attention at a time when the
impression on the jury could have been corrected by
a curative instruction, it was error for the court not
to have so instructed the jury.   Had the plaintiff
waited until after the verdict had been rendered to
raise his objection, we would not be inclined to
reverse under the circumstances of this case.   See
*Felix* v. *Hall-Brooke Sanitarium*, supra, 502.
Because the problem created by the court's extensive
questioning of the plaintiff's key witness was raised
in a timely fashion, and because no remedial action
was taken by the trial court, the plaintiff is entitled
to a new trial.

There is error, the judgment is set aside and a
new trial is ordered.

In this opinion the other judges concurred.

---

[3] See annot., 52 A.L.R.2d 1384, "Chiropractor's competency as
expert in personal injury action as to injured person's condition,
medical requirements, nature and extent of injury, and the like."