[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY (NO. 119)
The plaintiff, George Baghdady d/b/a Pond Spring Nursery, commenced the present action in November of 1992 to recover damages for an alleged breach of contract by the defendant, John Evans. On May 5, 1994, the case was heard before Attorney Trial Referee Salvatore A. Maresca, a member of the law firm of Antignani and Maresca. Sometime in 1994, the plaintiff in the present action commenced an unrelated action against different defendants. See Baghdady v. El-Sayed, Docket No. SPBR-94-0727366. On July 21, 1994, Attorney Robert Maresca, a member of the law firm of Antignani and Maresca, entered an appearance in the El-Sayed
case on behalf of defendant Consuelo El-Sayed. On August 18, 1994, Attorney Salvatore Maresca entered an appearance in the El-Sayed case on behalf of defendant Henri Alvarez. On September 14, 1994, Salvatore Maresca, acting in his capacity as an attorney trial referee, filed his findings and report in the present case. In his report, Salvatore Maresca concluded that the plaintiff was entitled to recover $900.00 from the defendant, John Evans.
On November 28, 1994, the plaintiff filed an objection to acceptance of report (#118) and a motion for disqualification and CT Page 1154-N mistrial (#119). In moving to disqualify Attorney Trial Referee Maresca, the plaintiff argues that he was prejudiced because Maresca was acting as an attorney trial referee in the present case while simultaneously acting as an attorney for a party adverse to the plaintiff (defendant Henri Alvarez) in the El-Sayed
case. The defendant in the present case did not file a memorandum in opposition to the plaintiff's motion for disqualification. Besides seeking the disqualification of Maresca, the plaintiff asks this court to set aside the trial referee's report, order a mistrial, and order a new trial.
Attorney Trial Referees are required to comply with the provisions of the Code of Professional Responsibility and Canons 1, 2 and 3 of the Code of Judicial Conduct. Rowan ConstructionCorporation v. Hassane, 17 Conn. App. 71, 76 (1988). Canon 3C of the Code of Judicial Conduct provides in pertinent part that: "(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party . . . ." Charges which accuse a trial judge or an attorney trial referee of bias or prejudice "are CT Page 1154-O accusations which `[strike] at the very core of judicial integrity and [tend] to undermine public confidence in the established judiciary . . . .'" LaBow v. LaBow, 13 Conn. App. 330, 333 (1988), quoting Felix v. Hall-Brooke Sanitarium, 140 Conn. 496, 501
(1953). "It is axiomatic that a trial judge must conduct all trial proceedings with the `highest degree of impartiality.'" Id. "The controlling standard is whether a reasonable person who is aware of all the circumstances surrounding the judicial proceeding would question the judge's impartiality." LaBow v. LaBow, supra,13 Conn. App. 334. "The standard to be employed is an objective one, not the judge's subjective view as to whether he or she can be fair and impartial . . ." Papa v. New Haven Federation ofTeachers, 186 Conn. 725, 746 (1982). Thus, "[d]isqualification of a trial judge is not dependent upon proof of actual bias." LaBowv. LaBow, supra, 13 Conn. App. 334.
The court finds that the attorney trial referee's impartiality may reasonably be questioned by a reasonable person in the present case. Accordingly, the plaintiff's motion to disqualify is granted. Because a report was filed on September 14, 1994, the court must, and does, set aside that report and CT Page 1154-P order a new trial.