[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO RECUSE
The plaintiff moves that Judge Trial Referee M. Morgan Kline be recused from deciding a Motion to Reopen the order of the court, Stodolink, J., in the above-referenced matter. The plaintiff petitioned for recusal following two days of hearing on said motion, on August 10 and 16, 1995. The motion was made after the close of the evidence on the motion.
She claims that in several respects, all cited in her written memorandum which refers to the transcript of each day of the proceeding, that Judge Kline prejudged the outcome of the proceeding.
The defendant has filed a memorandum of law with respect to the issue of recusal, and argues, in part, that Judge Kline was more than protective of plaintiff's attorney-client privilege with respect to her prior attorney, who the plaintiff had sued in Federal court, and had subpoenaed to testify in the instant proceeding.
The defendant claims that the plaintiff was not rushed, and was allowed by Judge Kline to put on her case by calling witnesses she desired to call. The plaintiff was represented during the first day of testimony by counsel, both appearing prohac vice, and local counsel. On the second day of the hearing, local counsel was ill, so the plaintiff proceeded pro se with the assistance of out-of-state counsel. She was canvased on the record as to her willingness to continue to complete the hearing, CT Page 1331-HHH and was given opportunities throughout the final day of hearing to confer with counsel during recesses.
The request that the plaintiff be sworn came from Attorney Fox's attorney, who was present at the hearing to protect his client's interest. None of the attorneys who appeared for the parties asked for the process. The plaintiff was called as a witness and was sworn. She did not object to being sworn, and the request came from counsel for her previous attorney, Ms. Fox, who had been sued by the plaintiff during the intervening years since the events which were the subject of the motion occurred.
The defendant claims that any comments made by Judge Kline after the plaintiff rested are not grounds for recusal. The full reading of the transcript disclosed that during the course of the hearing, Judge Kline became most familiar with the claims of the parties, especially that of the plaintiff, and was aware of the rather stringent burden of proof.
The claim of judicial bias based upon Mr. Kamasinski's earlier complaint against Judge Kline was rejected according to the transcript because Judge Kline was not aware of it prior to the plaintiff's introduction of the topic, and because he had no knowledge of the man or his role, if any, in the case.
An attorney for the minor child argues that under the totality of the circumstances there was no exhibition of bias against the plaintiff by Judge Kline.
The parties agree on the standards to be applied when a motion for recusal is brought. The defendant claims that the plaintiff did not make a sufficient showing to warrant an evidentiary hearing. In a case in which the parties have demonstrated a commitment to litigation, and where sensitivities to the subject matter are deep, it appears that it is not inappropriate for the court to review the testimony to assess the claims of the party seeking recusal. The parties cite similar cases to argue their positions with respect to Canon 3C of the Code of Judicial Conduct, which, in pertinent part, states: . . . (1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including, but not limited to instances where: (a) he has a personal bias or prejudice concerning a party . . ."
The law recognizes that the integrity of the judicial system CT Page 1331-III requires that both the fact and the appearance of impartiality are essential to a fair hearing. A party who has a good faith belief, grounded on facts, that a judge is biased, is entitled to demonstrate that bias, and that demonstration must be based on more than opinion or conclusion of the party making such a claim. The claim must amount to more that a compendium of vague and unverified assertions of partiality. See Szypula v. Szypula,2 Conn. App. 650 (1984). Public confidence in a fair trial is implicated upon such a claim. (Cameron v. Cameron, 187 Conn. 163,168 (1984), Felix v. Hall-Brooke Sanitarium, 140 Conn. 496
(1953), and Papa v. New Haven Federation of Teachers, 186 Conn. 725
(1982) (which case implies that if a factual hearing is in order then that hearing should be conducted before another judge.))
The instant motion for recusal was in fact directed to another judge for hearing, and the record for that hearing was limited to a review of the transcripts of the two day hearing before Judge Kline, and written memoranda of the parties.
In its overall assessment of the plaintiff's claims, this court must take into account the fact that the claim of bias was raised after the conclusion of the hearing, and expressions of inevitability within the transcript by the plaintiff did not occur until after she had rested. The timeliness of the motion is of concern and must be assessed. Krattenstein v. G. Fox Co.,155 Conn. 609 (1967). Nonaction by a party at trial "can be construed as the functional equivalent of `consent in open court' to [the judge's] presiding over the trial. Timm v. Timm,195 Conn. 202 (1985), Pavel v. Pavel, 4 Conn. App. 575 (1985).
The claim of bias or prejudice, to be disqualifying must emanate from some extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. United States v. GrinnellCorp., 384 U.S. 563, 86 S.Ct. 1698 (1966). The judge should, however, refrain from any statement or attitude which would deny the party a fair trial. State v. Gionfriddo, 154 Conn. 90 (1966). In the case cited by the plaintiff, Cameron v. Cameron, 187 Conn. 163
(1982) the trial judge in a dissolution action actually commented, during the trial of the case, that the defendant lacked credibility and found him in contempt. That court held that a judge has the obligation to insure that no falsehood or fraud is perpetrated in court, and to reprimand counsel in order to protect the rights of litigants. In Barca v. Barca, 15 Conn. App. 604
CT Page 1331-JJJ (1988), the claim was made, after the trial, that comments from the trial judge were such that a party was denied a fair trial. The court held that there was no instance in the record of judicial conduct "so obvious that it affect[ed] the fairness and integrity of and public confidence in the judicial proceedings [which] . . . result[ed] in an unreliable verdict or a miscarriage of justice." (Citations omitted; internal quotation marks omitted.) Smith v. Czescel, 12 Conn. App. 558, 563 (1987) quoting State v. Hinckley, 198 Conn. 77, 88 (1985).
While plaintiff, in her memorandum in reply to oral argument dated October 28, 1995, and filed October 30, 1995, seems to question argument of the attorney for the minor child that this court must look at the totality of the circumstances, it appears that that is precisely the standard. Papa, supra, at 745-46.
In Barca, supra, the claim was that the judge commented, asked questions and made evidentiary rulings. The claims are similar here. The court in that case commented on a claimed gift, referring to it as "a no show job" and "graft" and then declared that the father of the party making the claim of bias was a "liar." Other statements of the trial judge were not deemed worthy of review. The first two were discussed briefly, and held not to demonstrate partiality sufficient for recusal. Those statements were likened to the court's use of the work "sham" inLogical Communications, Inc. v. Morgan Management,4 Conn. App. 669 (1985) and the comment made "I'm beginning to question very much your sincerity" in LaBow v. LaBow, 13 Conn. App. 330 (1988). With respect to the third comment, that the father was a "liar", the court refused to reverse on the recusal argument, distinguishing the case from Cameron, supra. The comment was made at the end of the case, following the testimony, not before it. The court held that the bias was not personal, directed at the parties or from an extra-judicial source, but rather "directed at the merits of the defense claimed based on information presented to him [or her] during a trial on the merits." LogicalCommunications, Inc. v. Morgan Management Corporation, supra, at 670-671 n. 2.
Comments by the court, and questions posed by the court during the proceeding lie within the court's discretion, and will not be the subject of recusal unless the court abused its discretion. LaBow v. LaBow, supra.
This court has had the opportunity to review the record of CT Page 1331-KKK the hearing in conjunction with the claims of the plaintiff, and compare those claims with the law as previously stated. The court will address each of the claims of the plaintiff, and make its findings as to the whole.
The plaintiff claims that Judge Kline read only the defendant's memorandum. The record discloses that the court was familiar with her claims and with the nature of the issue, and in many instances, was articulating his understanding of the issues presented to move the case along.
The plaintiff claims in paragraph 2 of her motion that the court accepted statements in defendant's brief as fact. There is nothing in the record to support such a claim. The plaintiff offered no evidence, and the portions of the transcript which she alleges support her claim, indicate that the judge was familiar with the file, and made statements to counsel with respect to rulings that he was making.
Paragraph 3 claims that the judge was "totally unfamiliar" with the controlling case law. The record discloses that the court expressed a lack of familiarity with one case. That is simply not a grounds for recusal, especially when the transcript of the proceedings displays familiarity with other aspects of the proceedings, and other legal issues disposed of by the court within the hearing.
The plaintiff claims that the court deliberately intimidated the plaintiff by having her sworn in while she was acting as her own attorney on the second day of the hearing. The plaintiff did not object, and she was assisted by counsel at table. It was not a claim until after the hearing was over. The plaintiff has not proved that that act was intentional, and the record militates against that argument, insofar as the initiation of that request came from counsel for the plaintiff's former attorney.
The claim in paragraph five claims that the clerk assured the court that she had earlier been sworn, but that the court directed that she be sworn again. The record does not contain any such fact. Again, no objection was raised to the swearing-in process.
In paragraph six, the plaintiff claims that the court "vacillated" on the issue of whether or not the plaintiff had waived that attorney-client privilege. In fact, the record CT Page 1331-LLL discloses that it was the plaintiff who was unsure of when and to what extent she wanted to claim the privilege. The court was informed through the trial process that the plaintiff had sued her lawyer, and the defendant's lawyer in Federal actions. The plaintiff had subpoenaed her prior counsel to testify in this proceeding. The record discloses that the court attempted to guard the plaintiff's desires with respect to claiming the privilege, even though she wanted to elicit what she felt was necessary evidence. While she may have been in a "Catch-22" in light of previous actions against counsel, it was not the court that acted "capriciously" or that "vacillated back and forth" on that issue.
The plaintiff claims in paragraph seven, that the court referred to her as having "unclean hands". That comment was made in the context of an argument on the admissibility of questions that had been put to the witness, Attorney Grover, before. The question of notice and the point that the plaintiff was attempting to make while she was representing herself was countered by the court in explaining his ruling again in the context of her own act in maintaining herself outside the jurisdiction of the court after she was served with an order to show cause on a custody modification. She left the State of Connecticut with the minor child after service of process, and thereafter claimed that a later finding that actual notice was made was violative of her due process rights. The comment is found by this court not to demonstrate bias or prejudice against the plaintiff, but rather to explain the court's ruling to a pro se party.
In paragraph nine, the plaintiff claims that the court trivialized a fact. The court determines what weight to give to evidence it finds credible. It found the evidence that the defendant had illegally intercepted her mail to be credible, and said so on the record. There was an issue as to the timing and duration of that interception, and when notices would have been sent, if at all. The plaintiff has not demonstrated by competent evidence, that the court did not consider that evidence.
The plaintiff claims in paragraph ten that Judge Kline "seeded the record with irrelevant and uncalled for remarks." The plaintiff cites (T. Aug. 16, page 13) the court acknowledging an interesting letter in the file. She complains that the court asked her to let him finish speaking, even though the comment is followed by "You can say anything you want after I finish." (T. CT Page 1331-MMM Aug. 16, page 33) There is nothing inappropriate about that remark. The court (T. Aug. 16, page 37) is criticized for ruling on an objection, by saying "I'm surprised you didn't object to the question right away, it is completely irrelevant." The comment may have been unnecessary, but it does not demonstrate bias. The plaintiff complains that the court noted for the record that counsel was present for the second day of testimony while the plaintiff was acting pro se. The court has a duty to protect the record, and that is what occurred in this instance. (T. Aug. 16, page 73).
The plaintiff's claim in paragraph eleven was that Judge Kline should have recused himself after the plaintiff herself brought something to his attention that he otherwise did not know. The court heard the argument, ruled on it, and it is the subject of later review. This claim of the plaintiff on this motion is wholly without merit.
The court was acting appropriately when it refused to consider as evidence a letter written by a non-party to the Chief Court Administrator. The claim in paragraph twelve, if granted, would have subjected the court to extra-judicial information, and was clearly not admissible. The claim of the plaintiff as to what might be contained in that writing is not evidence of record suitable for consideration as to proof with respect to her motion for recusal.
The final unnumbered claim was that the court interrupted her, and answered questions. That claim does not rise to the level of recusal. The conduct of the court in this matter may have been active, and interested, and even pro-active. However, as in the holding in LaBow v. LaBow, supra, the court's conduct was appropriate under the circumstances, and the statements concerning "unclean hands" and the admonishment that the plaintiff wait until the court was finished "showed that a judge is a human being, not the type of unfeeling robot some would expect the judge to be. Such a passing display of [exasperation] . . .falls far short of a reasonable cause for disqualification for bias or prejudice under Canon 3(C) of the Code of Judicial Conduct. Keppel v. BaRoss Builders, Inc.,7 Conn. App. 435 (1986) as cited in LaBow v. LaBow, supra, at 338.
The case law discloses many instances where a trial judge in an active role in the trial process faces a claim such as this. The burden of proof is on the plaintiff to demonstrate bias or CT Page 1331-NNN prejudice. Neither individually nor taken together do her claims reach that burden. Her claims are not sufficient to demonstrate that a reasonable person would find that the interests of justice had not been served. The plaintiff is an advocate for her position. However, she has not demonstrated that the proceeding was unfair, or that there was a violation of Judge Kline's obligation to preside fairly.
The motion for recusal is denied.
DRANGINIS, J.