**Robert Lawrence WOLF and Marion Wolf, Plaintiffs–Appellants– Cross Appellees,**

v.

**Paul J. YAMIN, Defendant–Appellee– Cross Appellant.**

**Docket Nos. 01–7733 (L), 01–7787(XAP).**

United States Court of Appeals, Second Circuit.

Argued: March 18, 2002.

July 2, 2002.

James E. Swaine, New Haven, CT, for Plaintiffs–Appellants–Cross Appellees Robert Lawrence Wolf and Marion Wolf.

R. Bradley Wolfe, Gordon, Muir and Foley, LLP, Hartford, CT, for Defendant–Appellee–Cross Appellant Paul J. Yamin.

Before FEINBERG, STRAUB, and KATZMANN, Circuit Judges.

FEINBERG, Circuit Judge.

Plaintiffs Robert and Marion Wolf appeal from a judgment of the United States

District Court for the District of Connecticut, Alfred V. Covello, Chief Judge, in a malpractice action against their former lawyer, Paul Yamin. After a jury trial, the district court set aside the jury's award to plaintiffs of $72,500 in punitive damages, and entered a new punitive damages award of $15,041.94, based on a requirement under Connecticut law that limits such damages to a plaintiff's litigation costs less taxable costs. For reasons stated below, we certify a controlling question of law to the Connecticut Supreme Court.

## I. Discussion

### A. Statement of facts relevant to the question certified

This case arises out of defendant Yamin's representation of plaintiffs [1] in a land dispute civil proceeding in Connecticut Superior Court. Because Yamin failed to appear in court to defend Wolf's interests, a default judgment was entered against Wolf in the form of both a monetary award and an injunction. In June 1998, Wolf filed the instant action against Yamin in the district court, based upon diversity jurisdiction. The complaint alleged professional malpractice (negligence), breach of contract, breach of covenant of good faith and fair dealing, and willful, intentional and wanton conduct. Wolf sought compensatory and punitive damages. A trial before a jury commenced on September 13, 2000. On Thursday, September 14, 2000, the court instructed the jury on Connecticut law relevant to the case. For the punitive damages instruction, the judge charged the jury as follows:

> [I]f you find in connection with either the claim of the breach of the implied covenant of good faith and fair dealing, or the claim of negligence, that Attorney Yamin acted with an intentional and

wanton disregard for the Wolfs' rights, both with malice and reckless indifference to their rights, the law allows you, but does not require you, to award punitive damages.

> The purpose of an award of punitive damages is, first to punish a wrongdoer for misconduct, and second, to warn others against doing the same. An act or failure to act is wantonly done if done in reckless or callous disregard for the rights of others. An act or failure to act is maliciously done if prompted or accompanied by an evil mind, ill will, spite, or such gross indifference to the rights of others as to amount to an actual intent to harm. An act or failure to act is done with reckless indifference if the act is performed with a serious or callous disregard for its consequences.

> If you determine from the evidence presented in this case that Attorney Yamin's conduct justifies an award of punitive damages, you may award an amount which all of you agree is proper.

After the jury charge, the court allowed both parties to record exceptions to the instructions. At that time, Yamin objected to the judge's charge on proximate cause, but did not object to the charge on punitive damages. The case was submitted to the jury on September 14, along with a special verdict form that listed five questions for the jury to answer. Not long thereafter, the jury requested the court to allow it to resume after the weekend on Monday, September 18. The district court granted the request.

Thereafter, Yamin filed with the court an additional exception to the jury charge. He argued that the punitive damages instruction was erroneously open-ended since Connecticut law restricts such awards to litigation costs less taxable

---

1. For convenience, we hereafter refer to plaintiffs as "Wolf."

costs, and requires the proponent to offer such proof.[2] Yamin argued that since Wolf had offered no evidence of his litigation costs to the jury, the judge should instruct the jury that no punitive damages could be awarded.[3]

Proceedings resumed on Monday, September 18, at which time the district court raised the issue of punitive damages with counsel for the parties, stating:

> Our preliminary research seems to indicate that under the common law punitive damages are limited to attorneys' fees and the non-taxable costs, and what the Court has determined to do is that in the event that there is an award of punitive damages, the Court will invite you to make a submission with respect to this entire issue, and the Court then may order a remittitur in the event that the punitive damages, in fact, exceed the cost or the attorneys' fees and costs.

In response, Yamin stated that there was no evidence of litigation costs in the record supporting an award of punitive damages, and asked the court to consider his objection as a motion "to dismiss under Fed. R.Civ.P. 50," as well as a further objection to the jury charge. In response, Wolf asserted that it has historically been the province of the Connecticut courts to hear evidence on litigation costs post-verdict. Judge Covello reserved decision.

Following this discussion, the jurors were brought back into the courtroom and reinstructed on proximate cause, but not on punitive damages. The jurors then resumed deliberations, and later that day returned a verdict for Wolf on the counts of breach of contract and attorney malpractice (negligence), awarding Wolf compensatory damages of $30,000 and punitive damages of $72,500. The jury also returned the special verdict form, duly filled out. Question V on the form, entitled Punitive Damages, stated:

> If you entered a [compensatory or nominal] damage amount above, have the Wolfs proven, by a preponderance of the evidence, that Attorney Yamin acted with intentional and wanton disregard for the Wolfs' rights and/or with malice and/or reckless indifference to the Wolfs' rights, and that the Wolfs are entitled to an award of punitive damages?

The jury answered "Yes." The form then stated that "If your answer is yes, enter an amount of punitive damages which you agree is proper," and the jury entered $72,500 in the blank provided. The jury verdict was accepted and the jury was discharged.

Subsequently, Yamin moved for judgment as a matter of law under Rule 50(b), arguing that there was insufficient evidence to support the jury verdict on punitive damages. Judge Covello denied the motion in part, stating that "although there is authority for the defendant's contentions, the defendant may not assign error to the court's punitive damages charge" because his objection came after the jury had begun to deliberate, and thus was untimely. The court therefore did not set aside the jury's determination that a punitive damages award was appropriate.[4]

---

2. The parties agree that plaintiff submitted no evidence of his litigation costs to the jury.

3. Yamin also objected to the reference in the charge to punishment as a purpose of punitive damages, stating that the primary purpose of punitive damages under Connecticut law is to compensate plaintiff, and "Connecti-cut, unlike other jurisdictions does not allow punishment, per se."

4. Additionally, the court stated that

> no injustice flows from this award here because ... there was ample evidence presented at trial that the defendant had acted

However, the court granted the motion in part, setting aside the *amount* of punitive damages awarded because

> in keeping with Connecticut case law, the court shall determine the extent of the award based on the reasonable expenses incurred in the litigation less taxable costs.

The district court then requested and received written submissions detailing Wolf's litigation costs, and subsequently entered a punitive damages award against Yamin in the amount of $15,041.94.

Wolf appealed the court's set-aside of the jury's punitive damages award of $72,500, and in the alternative appealed the court's punitive damages determination of $15,041.94. Yamin cross-appealed the court's imposition of any punitive damages because Wolf failed to submit evidence of costs of litigation at the jury trial.

## B. Proceedings before this Court

On appeal, Wolf argues first that the jury's punitive damages award of $72,500 should not have been set aside. He asserts that since Yamin did not object under Rule 51 to the jury charge on punitive damages until after jury deliberations had begun, he may not now do so in this court. Wolf argues that the charge therefore became "the law of the case," and the jury acted properly in considering and awarding punitive damages.

Wolf also argues that even if the district court acted properly under Connecticut law in setting aside the punitive damages portion of the jury verdict, the court nevertheless erred in determining punitive damages itself, because under Connecticut law, punitive damages must be found by

the trier of fact. He relies on our decision applying Connecticut law in *Gagne v. Enfield*, 734 F.2d 902, 904–05 (2d Cir.1984), and various decisions of the Connecticut courts. Wolf contends that these cases require the original jury award to be sustained or that the case be remanded to the district court "for the sole purpose of a Punitive damages hearing before a jury." [5]

On cross-appeal, Yamin principally argues that regardless of the timing of his objection to the jury charge, the district court should have granted his Rule 50(b) motion to vacate the jury's punitive damages award, because there was insufficient evidence to support such an award. He contends that under Connecticut law: (1) punitive damages awards are limited to costs of litigation (including attorneys fees) of the case being tried; and (2) evidence of that cost must be offered as part of the proponent's main case at trial. Yamin also relies on *Gagne*, 734 F.2d at 904, and various decisions of the Connecticut Supreme Court. Yamin asserts that since Wolf failed to offer *any* evidence at trial of the amount of litigation costs, Wolf was not entitled to any punitive damages.

Additionally, Yamin argues that he did object to the jury instruction on punitive damages before the jury deliberated, and that the district court had the opportunity to recharge the jury on applicable Connecticut law, but erroneously chose not to do so. He also argues in the alternative that even if this court finds his objection to the jury charge was untimely, we can address the district court's error on the charge as fundamental error under *Jarvis v. Ford Motor Co.* 283 F.3d 33, 62 (2d Cir.2002).

with an intentional and wanton disregard for [Wolf's] rights.

**5.** Wolf additionally argues that if we decide the district court may determine punitive damages, then the district court's calculation of punitive damages was erroneous in various respects.

## C. Analysis

■ As an initial matter, we reject the district court's conclusion that Yamin is not entitled to attack the punitive damages award because he failed to make a timely objection to the court's charge on punitive damages. Even if his objection came too late, Yamin was entitled to challenge the jury verdict by moving, after the verdict, for judgment as a matter of law under Rule 50(b). That motion challenged not the substance of the instructions on punitive damages but the sufficiency of the evidence supporting such an award. Therefore, whether the jury instructions were proper and whether Yamin's objection to those instructions was timely are irrelevant to the question whether Wolf sustained his burden of proof by presenting evidence on each element of his claim. Accordingly, Yamin may raise that issue on appeal. See *Doctor's Assocs. v. Weible*, 92 F.3d 108, 114–17 (2d Cir.1996).

■ We review de novo the grant or denial of a motion for judgment as a matter of law under Rule 50. The district court must view the evidence in a light most favorable to the nonmovant and grant that party every reasonable inference that the jury might have drawn in its favor, *Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 79 (2d Cir.1997), and we apply the same standard as the district court to determine whether judgment as a matter of law should have been granted. *Merrill Lynch Interfunding, Inc., v. Argenti*, 155 F.3d 113, 120 (2d Cir.1998).

■ The basic issue on this appeal is whether, under Connecticut law, a plaintiff must offer evidence of the cost of the litigation as part of the plaintiff's main case at trial in order to recover punitive damages. The long standing rule in Connecticut governing an award of punitive damages has been:

Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights. If awarded, they are restricted to cost of litigation less taxable costs of the action being tried and not that of any former trial.

*Vandersluis v. Weil,* 176 Conn. 353, 407 A.2d 982, 986 (Conn.1978) (citations omitted). See also *Waterbury Petroleum Prods., Inc. v. Canaan Oil & Fuel Co.*, 193 Conn. 208, 477 A.2d 988, 1003–04 (Conn. 1984), in which the Connecticut Supreme Court discussed the history of and rationale for Connecticut's common law rule limiting punitive damages to the expense of litigation less taxable costs, and rejected the request of plaintiff in that case for adoption of the punitive damages rule applied in most other jurisdictions, which does not so limit such awards. The rationale of the Connecticut rule is that punitive damages are designed only to compensate plaintiffs for their injuries, not to punish defendants for their offenses. *Miller v. Drouin*, 183 Conn. 189, 438 A.2d 863, 864 (Conn.1981).

In *Vandersluis*, the Connecticut Supreme Court stated that for an award of punitive damages, "evidence of the cost of the litigation of the case being tried must be offered." 407 A.2d at 986. However, the court did not state specifically that such evidence had to be offered *at trial*. Later Connecticut opinions, as well as our decision in *Gagne*, discussed fully below, seem to include this "at trial" element in the Connecticut common law requirement.

In *Gagne*, plaintiff brought a federal claim under 42 U.S.C. § 1983 and a pendent state law negligence claim in the United States District Court for the District of Connecticut. Plaintiff Gagne requested, among other things, punitive damages. During the trial before a jury,

he "offered no evidence of the cost of litigating his claims." *Gagne,* 734 F.2d at 903. The district court, in a supplemental jury instruction, told the jury that if punitive damages were found, "the Judge ... will award the plaintiff an amount equal to his reasonable costs in bringing this lawsuit." Id. at 904. Defendants made a timely objection to the instruction. The jury's subsequent verdict stated that punitive damages should be awarded, but in accordance with the judge's instruction did not specify an amount. The district court held a post-trial hearing on that issue, and awarded plaintiff $21,336.40 in punitive damages. On appeal, this court reversed and remanded with instructions to vacate the punitive damages award. We held that because the plaintiff failed to offer proof of litigation costs *at trial,* he was not entitled under Connecticut law to punitive damages, and that it was not sufficient to offer such proof at the post-trial hearing before the judge. Id. at 904 (citing *Venturi v. Savitt Inc.,* 191 Conn. 588, 468 A.2d 933, 935 (Conn.1983); *Chykirda v. Yanush,* 131 Conn. 565, 41 A.2d 449, 450 (Conn. 1945)).

In *Venturi,* a right of privacy suit, the Connecticut Supreme Court had held in 1983 that the plaintiff had failed to prove his claim for punitive damages, due in part to his failure to offer any evidence of the expenses of litigation. 468 A.2d at 935. The Court stated that

> damages may not exceed the amount of the expenses of the litigation in the suit, less taxable costs; it is essential for the plaintiff to offer evidence of what those damages are. In *Chykirda v. Yanush,* we held that punitive damages are not properly recoverable in the absence of

evidence as to the elements entering into their determination.

*Id.* (citations omitted).

At the time we decided *Gagne* in 1984, Connecticut law on punitive damages thus seemed clear. However, two more recent opinions of the Connecticut Supreme Court throw doubt on whether the law is similarly clear today: *Kenny v. Civil Service Commission,* 197 Conn. 270, 496 A.2d 956 (Conn.1985) and *Berry v. Loiseau,* 223 Conn. 786, 614 A.2d 414 (Conn.1992).[6]

■ *Kenny* was an action for wrongful termination of employment in which plaintiff sought compensatory and exemplary damages.[7] After a bench trial, the trial court found defendant liable for, among other things, exemplary damages in the amount of plaintiff's litigation expenses. *Id.* at 959. At trial, the court did not take any evidence as to the actual costs of the litigation, and no post-trial damages hearing was held. *Id.* at 961. On appeal, defendant argued in part that since the plaintiff offered no evidence of the cost of litigation at trial, exemplary damages were not recoverable. *Id.* at 960. The Connecticut Supreme Court held:

> While it concededly is true that " '[n]o award for an attorney's fee may be made when the evidence is insufficient' "; *Appliances, Inc. v. Yost,* 186 Conn. 673, 443 A.2d 486 (1982); it is equally clear that liability for attorney's fees can be placed in the absence of any evidence of the cost of the work performed. In this case the trial court found the defendants liable for exemplary damages based on sufficient evidence of discrimination. It merely failed to set the amount of the award. The proper

---

**6.** In response to our request at oral argument, the parties submitted supplemental letter briefs addressing the effect of these decisions on the applicable Connecticut law.

**7.** The terms "exemplary damages" and "punitive damages" are merely alternate labels for the same remedy. *Alaimo v. Royer,* 188 Conn. 36, 448 A.2d 207, 210 (Conn.1982).

remedy under these circumstances, and the one which we order, is that the case be remanded to the trial court for a hearing to determine the amount of exemplary damages awarded.

*Id.* at 961.

Seven years later, the Connecticut Supreme Court decided *Berry.* In that case, the plaintiff sued his former employer and others, alleging wrongful termination of his employment and other causes of action, and defendants counterclaimed on various theories. The trial court submitted interrogatories to the jury, asking whether punitive damages were warranted on either the plaintiff's claim or the defendants' counterclaim.[8] *Id.* at 418. The court made clear to the jury that if they found that punitive damages were warranted, the court would determine the amount thereof.[9] No exception was taken to the charge. The jury responded in the affirmative on both claims for punitive damages. *Id.* After a hearing before the judge, at which the parties submitted evidence of their litigation expenses, the trial court awarded punitive damages awards to both the plaintiff ($16,667) and the defendants ($50,000). *Id.*

Both parties appealed. Plaintiff challenged the restrictive Connecticut rule limiting punitive damages to the costs of litigation. Plaintiff also argued that the trial court (1) improperly denied him his right under the Connecticut constitution to have the jury determine the amount of his punitive damages, (2) improperly applied a Connecticut contingency fee limitation statute to limit his punitive damages, and (3) erroneously failed to consider evidence of his nontaxable costs in calculating his punitive damages. *Id.* at 432–33. Defen-

dants, on their appeal, claimed, among other things, the trial judge improperly awarded the plaintiff punitive damages when there was no evidence at trial to support such an award. *Id.* at 418.

On the plaintiff's appeal, the Connecticut Supreme Court rejected the general attack on Connecticut's restrictive punitive damages rule. *Id.* at 434–35. Next, the Court held that it would not consider the claim that plaintiff had been denied his constitutional right to have a jury determine the amount of his punitive damages award, due to his failure to take a timely exception when the jury instructions on punitive damages were given. *Id.* at 435–36. Regarding plaintiff's argument that the trial court improperly limited the plaintiff's punitive damages based on the Connecticut contingency fee limitation statute, the Court concluded that the trial court had improperly applied the statute, and reversed and remanded for a new hearing before the judge on punitive damages. *Id.* at 436. On plaintiff's claim that the trial judge failed to consider evidence of nontaxable costs in calculating plaintiff's punitive damages, the Court held that on remand, the trial court should consider any evidence that plaintiff might submit regarding non-taxable costs incurred in the prosecution of his claim. *Id.* at 437.

On the defendants' appeal, the Connecticut Supreme Court rejected the argument that there was no evidence to support plaintiff's punitive damages award. The Court stated evidence of wanton behavior on the part of defendants justified an allowance of punitive damages, *id.* at 427–28, and that

[i]n the present case, the jury could reasonably have found from the evidence

---

**8.** We cannot tell whether evidence of either party's litigation costs was offered at the jury trial.

**9.** We cannot tell whether this bifurcation was due to an agreement by the parties or to a unilateral decision of the court.

presented at the trial that [defendant] subjected the plaintiff to physical abuse, in reckless disregard of the consequences of his actions. Accordingly, we are persuaded that the trial court properly allowed the jury to decide whether the plaintiff was entitled to punitive damages....

*Id.* at 428. In this discussion, the Court did not mention whether plaintiff had presented evidence of litigation costs during the jury trial.

In *Berry,* two judges concurred in an opinion of the court, two judges concurred in the result only and one judge concurred in a separate opinion, stating that he

would not address the issue ... in the majority opinion concerning the rule limiting punitive damages to the party's litigation costs. The question of whether we should abandon that rule was raised for the first time by the plaintiff on appeal. Public policy shifts in this state require a more meaningful review of the archaic rule.... I concur in the opinion in all other respects.

It is unclear whether the holdings in *Kenny* and *Berry* conflict with earlier Connecticut cases on punitive damages. It is true that *Kenny* was a bench trial with no jury, so that the post-trial hearing allowed the same trier of fact to determine punitive damages, while the case now before us was before a jury, so that the judge was not the trier of fact. Still, the Connecticut Supreme Court in *Kenny* suggested that a post-trial procedure be used by the trial court to determine the amount of punitive damages, rather than holding that the failure to present evidence of litigation costs at trial barred punitive damages.

The Connecticut Supreme Court's decision in *Berry* provides further evidence of ambiguity in Connecticut law on punitive damages, especially in light of the various concurrences in that case. In *Berry,* the Court again ordered a post-trial hearing (apparently by the court) to determine punitive damages, this time after a jury trial. *Berry* therefore also suggests that Connecticut law does not require a plaintiff to offer evidence of litigation costs *at trial.* We believe that these two cases, *Kenny* and *Berry,* appear to make Connecticut law on punitive damages ambiguous.

## II. Appropriateness of certification

■ Connecticut law allows for the certification of questions of state law by the federal courts directly to the Connecticut Supreme Court. We believe that a possibly controlling question presented by this case should be certified to the Connecticut Supreme Court for the reasons stated below. In doing so, we exercise our own discretion. See *Riordan v. Nationwide Mut. Fire Ins. Co.,* 977 F.2d 47, 51 (2d Cir.1992) (noting permissive language of Second Circuit rule). The Connecticut Supreme Court may reformulate the question as it deems necessary or appropriate. See Conn. Gen.Stat. § 51–199b (2001).

Based on our analysis set forth above, we are unsure of what the applicable law of Connecticut is. On the one hand, failure to offer proof of litigation costs at trial even when the jury has found wanton behavior at trial may, under Connecticut law, be fatal to a claim for punitive damages, as Yamin contends and as *Gagne* held. 734 F.2d at 904–05. On the other hand, it may be that Connecticut law allows punitive damages to be awarded without proof of litigation costs *at trial,* and allows the *amount* of punitive damages to be determined in a post-trial proceeding upon submission of evidence of costs. Determination of this issue on this appeal affects the interests of Connecticut citizens in this case and in the future. Since the issue may recur, Connecticut therefore has a strong interest in deciding the issue certi-

fied, rather than having it resolved by a federal court, which may be mistaken. *Great Northern Ins. Co. v. Mount Vernon Fire Ins. Co.,* 143 F.3d 659, 662 (2d Cir. 1998).

In sum, we believe that the question we certify is unsettled and a significant question of state law that may control the outcome of this appeal, see Second Circuit Local Rule § 0.27, as to which there is no clear controlling precedent of the Connecticut Supreme Court. See Conn. Gen.Stat. § 51–199b. For these reasons, resolution of the certified question by the Connecticut Supreme Court would aid in the administration of justice.

Accordingly, it is hereby ORDERED that the Clerk of the Court transmit to the Connecticut Supreme Court a Certificate in the form attached, together with a complete set of the briefs, appendix and record filed by the parties with this court. This panel retains jurisdiction so that, after we receive a response from the Connecticut Supreme Court, we may dispose of the appeal. The parties are further ORDERED to bear equally such fees and costs, if any, as may be required by the Connecticut Supreme Court.

### Certificate

Certificate to the Connecticut Supreme Court pursuant to Second Circuit Local Rule § 0.27 and Conn. Gen.Stat. § 51–199b (2001).

### I. The question of law to be answered

1. On the facts of this case, under Connecticut law on punitive damages, is a plaintiff who does not offer any evidence of litigation costs *at trial* before a jury barred from recovering any punitive damages? (This question assumes there has been no agreement by the parties to a bifurcation of the punitive damages determination between the jury/trier of fact as to liability and the judge as to amount).