09-4758-cv
*McClellan v. Smith*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of October, two thousand and ten.

PRESENT:

ROBERT A. KATZMANN,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
    *Circuit Judges.*

_____

FRANK MCCLELLAN,

    *Plaintiff-Appellee,*

  v.            No. 09-4758-cv

CITY OF RENSSELAER,

    *Defendant,*

STEVEN SMITH,

    *Defendant-Appellant.*

_____

    LEE D. GREENSTEIN, Delmar, New York, *for Plaintiff-Appellee.*

CHRISTOPHER K. MILLS, The Mills Law Firm, LLP, Clifton Park, New York, *for Defendant-Appellant*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Defendant-Appellant Steven Smith ("Smith") appeals from an order and judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*) denying his post-trial motions and awarding Plaintiff-Appellee Frank McClellan ("McClellan") damages, attorneys' fees and costs. We assume the parties' familiarity with the underlying facts and procedural history.

At the start, we reject McClellan's argument that Smith's post-trial motions and notice of appeal were untimely. Under the Federal Rules extant at the time of suit, *see Dudley ex rel. Patton v. Penn-America Ins. Co.*, 313 F.3d 662, 665 (2d Cir. 2002), Smith was required to file his motions no later than ten days, and his notice of appeal no later than thirty days, after the entry of a *final* judgment. *See Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999); *see also* Fed. R. Civ. P. 54(a) (defining "judgment" as an order or decree "from which an appeal lies"). Here, a final judgment was entered on October 27, 2009; Smith's motions and notice of appeal were therefore well within the applicable time limitations.

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, and after an examination of the trial record, we find that Smith has preserved two arguments supporting dismissal of McClellan's false arrest claim as a matter of law: 1) probable cause for a disorderly conduct violation, N.Y. Penal Law § 240.20, existed as a matter of law; and 2) under *Devenpeck v. Alford*, 543 U.S. 146 (2004), probable cause for the disorderly conduct violation justified McClellan's felony arrest. *See Jaegly v. Couch*, 439 F.3d 149 (2d Cir. 2006).

We review *de novo* a denial of judgment as a matter of law, viewing all evidence and drawing all reasonable inferences in favor of the non-movant. *Wolf v. Yamin*, 295 F.3d 303, 308 (2d Cir. 2002). We have held that probable cause for a disorderly conduct violation under N.Y. Penal Law § 240.20 exists only where a reasonable person in the officer's circumstances would have believed that the person to be arrested acted with "'intent to cause public inconvenience, annoyance or alarm' or with recklessness 'as to a risk thereof.'" *Provost v. City of Newburgh*, 262 F.3d 146, 157 (2d Cir. 2001) (citation omitted). Thus, to demonstrate the existence of probable cause for disorderly conduct as a matter of law, Smith was required to show that no reasonable jury could have failed to find such a reasonable belief. *Id.*

Smith did not meet this burden. The jury was entitled to credit McClellan's testimony over Smith's. Viewing McClellan's testimony in the light most favorable to him, a reasonable juror could have found that Smith did not have a reasonable belief that McClellan acted "'with intent to cause public inconvenience, annoyance or alarm' or with recklessness 'as to a risk thereof.'" *Id*. (citation omitted). Smith's first argument therefore fails.

As Smith's *Devenpeck* argument depends upon his argument that probable cause for disorderly conduct existed as a matter of law, it is necessarily moot. We have reviewed Smith's remaining arguments and conclude that they are moot, waived, or without merit. The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3