21-2985-cv
*Tranchina v. McGrath*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> > *Circuit Judges*.

---

JOSEPH TRANCHINA,

> *Plaintiff-Appellee*,

> v.                                                                          21-2985-cv

C.O. JUSTIN MCGRATH, BARE HILL CORRECTIONAL FACILITY, FKA JEREMY MCGRATH,

> *Defendant-Appellant,*

SGT. MATTHEW BARNABY, BARE HILL CORRECTIONAL FACILITY, AKA JOHN BARNABY,

> *Defendant.*

---

For Plaintiff-Appellee:            EDWARD SIVIN, Sivin & Miller, LLP, New York, NY.

For Defendant-Appellant:        JAMES P. BLENK, Lippes Mathias LLP, Buffalo, NY.

Appeal from a judgment of the U.S. District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Justin McGrath ("McGrath") appeals from the October 1, 2020 judgment of the district court, following a jury trial, entered in favor of Plaintiff-Appellee Joseph Tranchina ("Tranchina") on his Eighth Amendment excessive force claim and awarding him $190,000 in compensatory damages, and from the November 4, 2021 decision and order of the district court awarding attorney's fees to Tranchina pursuant to 42 U.S.C. § 1988. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our conclusion to **AFFIRM**.

## I. Motion for Judgment as a Matter of Law

McGrath first argues that the district court erred in denying his motion for judgment as a matter of law because the evidence at trial failed to establish the required element of causation between Tranchina's injury and McGrath's use of excessive force. We review this determination *de novo*. *Wolf v. Yamin*, 295 F.3d 303, 308 (2d Cir. 2002). For the following reasons, we disagree with McGrath.

A motion for judgment as a matter of law "may only be granted if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against [the movant]." *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008) (internal quotation marks, alterations, and citations omitted). In reviewing the denial of such a motion, we "give

2

deference to all credibility determinations and reasonable inferences of the jury, and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." *Id*. (internal quotation marks and citations omitted).

Here, the motion for judgment as a matter of law was properly denied. Tranchina testified that McGrath "repeatedly punched [him] in the side of [the] head and [the] ribs" on his right side during an assault that lasted between one-and-a-half and three minutes. A266–67, A270. Tranchina also testified that McGrath alone struck the right side of Tranchina's head and body. A270. Another defendant "kicked [him] on the left cheekbone," and Tranchina sustained further injuries when thrown into the back of a van. A270, A273. At no point, however, did Tranchina attribute the serious bruising on the right side of his body or his broken rib to this conduct. And at trial, McGrath acknowledged, as did his counsel during summation, that Tranchina's rib injury resulted from the incident between Tranchina and McGrath. *See* A183; D. Ct. Dkt. No. 167 at 459:1–8. Additionally, Tranchina provided photographic evidence of his injuries, including photos depicting the right side of his face and his "right ear, . . . pretty badly cut, swollen and bruised," as well as photographic evidence of McGrath's bruised and bloodied knuckles. A115, A277–81. Medical records documented Tranchina's broken right distal rib. A116. This evidence was more than enough for a jury to conclude—without speculation or conjecture—that McGrath's use of excessive force was the proximate cause of injury to Tranchina. We therefore affirm the district court's denial of McGrath's motion for judgment as a matter of law.

## II. Compensatory Damages Award

McGrath next argues that the $190,000 compensatory damages award should be reduced to $1.00 in nominal damages on the theory that Tranchina established no more than *de minimis* injury. In the alternative, McGrath requests that this Court issue a conditional order of remittitur

3

because the original $190,000 compensatory damages award was "excessive." We conclude otherwise, determining that Tranchina's injuries were not *de minimis* and that the compensatory damages are appropriate and not excessive. Accordingly, we affirm the damages award as entered by the district court.

"To recover compensatory damages under Section 1983, a plaintiff must prove that his injuries were proximately caused by the constitutional violation." *Gibeau v. Nellis*, 18 F.3d 107, 110 (2d Cir. 1994). In the absence of injuries, or where the injuries are *de minimis*, nominal damages are generally awarded instead. *See, e.g.*, *Kerman v. City of New York*, 374 F.3d 93, 123–24 (2d Cir. 2004). Here, compensatory damages are appropriate because, as discussed *supra*, the evidence at trial was sufficient for the jury to conclude that McGrath's use of excessive force proximately caused Tranchina's injuries. Moreover, Tranchina's injuries, including serious bruising and lacerations to his head, side, and back, as well as a fractured rib, were not *de minimis*. A139, A276; *cf. Blissett v. Coughlin*, 66 F.3d 531, 536 (2d Cir. 1995) (affirming a compensatory damages award to the plaintiff whom prison guards struck with a baton, punched, and slapped, causing him to fall unconscious).

Turning to McGrath's alternative claim, we also decline to issue a conditional order of remittitur. If a compensatory damages award "is intrinsically excessive in the sense of being greater than the amount a reasonable jury could have awarded," such an order requires the plaintiff to choose between a new trial or a reduced verdict. *Lore v. City of Syracuse*, 670 F.3d 127, 177 (2d Cir. 2012) (citations omitted). But in the absence of a "particular discernable error," we have generally concluded "that a jury's damage award may not be set aside as excessive unless the award is so high as to shock the judicial conscience and constitute a denial of justice." *Id.* (internal quotation marks and citations omitted). Such is not the case here. Indeed, in previous cases

4

where plaintiffs suffered comparable injuries, we have upheld damages awards that are of a similar value, once adjusted for inflation. *See, e.g.*, *Blissett*, 66 F.3d at 536; *see also DiSorbo v. Hoy*, 343 F.3d 172, 183 (2d Cir. 2003) (noting that amounts awarded in comparable cases is relevant to the consideration of whether a compensatory damages award is excessive). Accordingly, we conclude that the $190,000 compensatory damages award is not so high as to "shock the judicial conscience," and therefore affirm the damages award as entered by the district court.

## III.     Exclusion of Evidence

McGrath next argues that the judgment must be vacated and the matter remanded for a new trial because the district court improperly excluded the deposition testimony of Lieutenant Jerome Laramay ("Laramay") pursuant to Rule 403 of the Federal Rules of Evidence as cumulative. *See* A390–91; *see also* Fed. R. Evid. 403 (providing that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). Again, we disagree.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Litvak*, 889 F.3d 56, 67 (2d Cir. 2018). We "will disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous. Even if a decision was manifestly erroneous, we will affirm if the error was harmless." *Id.* (internal quotation marks and citations omitted). An evidentiary error is harmless if we "can conclude with fair assurance that the jury's judgment was not substantially swayed by the error." *United States v. Paulino*, 445 F.3d 211, 219 (2d Cir. 2006) (internal quotation marks and citations omitted).

Here, the excerpts from Laramay's deposition testimony attested that Laramay, the watch commander, was aware of an ongoing investigation into missing Plexiglass at the time of the

assault on Tranchina.[1]   As the district court explained, however, the defendants had already testified that Plexiglass was accessible in the prison and could be fashioned into weapons.   *See, e.g.*, A176–77, A209–10, A376–77.   Laramay's testimony would thus, in principal part, have simply corroborated this earlier testimony, which was largely undisputed.   *United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983) (noting that "the exclusion of relevant, but cumulative, evidence is within the discretion of the trial court").   During summation, Tranchina's counsel acknowledged there was "testimony that . . . makeshift weapons are recovered all the time" at Bare Hill Correctional Facility; rather than disputing that testimony, counsel tried to turn it to his advantage, arguing that it therefore "would not [have been] too difficult" for McGrath "to plant one" on Tranchina.   D. Ct. Dkt. No. 167 at 467:15–19.   To be sure, Laramay's testimony added the additional detail that some Plexiglass was missing at the time of the assault.   But even assuming *arguendo* that to this degree the evidence was not cumulative, it was, at best, of limited probative value, thus rendering any error in its exclusion harmless.   The excerpts from Laramay's deposition in no way linked Tranchina to the missing Plexiglass or otherwise shed light on the question whether McGrath used excessive force against Tranchina in violation of the Eighth Amendment.   A390.   In such circumstances, the exclusion of this evidence provides no basis for upsetting the jury's determination.

## IV.   Attorney's Fees

Finally, McGrath argues that the district court abused its discretion by awarding attorney's fees for work performed by one of Tranchina's attorneys, Glenn Miller ("Miller"), who prepared for the trial but was unable to be present due to family illness.   McGrath argues that these fees

---

[1]  At trial, McGrath claimed to have recovered a Plexiglass weapon from Tranchina during their encounter, while Tranchina testified that the weapon had, instead, been planted by McGrath.

were duplicative of those awarded for work performed by David Roche ("Roche"), who stepped in for Miller at trial.   We disagree.

Under 42 U.S.C. § 1988, a district court may award the prevailing party in a § 1983 suit "a reasonable attorney's fee."   42 U.S.C. § 1988(b); *see also Lilly v. City of New York*, 934 F.3d 222, 227–28 (2d Cir. 2019).   In determining the fee, the district court must

> examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case. . . . In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.

*Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998) (citation omitted).   "If the court determines that certain claimed hours are 'excessive, redundant, or otherwise unnecessary,' the court should exclude those hours in its calculation . . . ."   *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).   We review a district court's award of attorney's fees for abuse of discretion.   *Lilly*, 934 F.3d at 227.

We discern no such abuse of discretion here.   The district court did not clearly err in finding that Roche's work was largely cumulative—and not duplicative—of Miller's.   *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (noting that abuse of discretion includes basing a decision on "a clearly erroneous factual finding").   It reasoned based on "its own familiarity with the case and its experience generally" that Roche could only have managed to bill as few hours as he did by relying on Miller's work.   *Gierlinger*, 160 F.3d at 876 (citation omitted). Furthermore, the district court did consider potential redundancy between Roche's and Miller's trial preparation, and it accordingly reduced Miller's hours by thirty-three percent.   On these facts, it cannot be said that the district court abused its discretion in awarding attorney's fees for some of Miller's work, and we therefore affirm the district court's award of attorney's fees.

7

\*       \*       \*

We have considered McGrath's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk