09-4409-cv
Lawrence v. Mehlman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand ten.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

-------------------------------------------------------------------------------

PETER LAWRENCE,

*Plaintiff-Appellant,*

v.                                                        No. 09-4409-cv

IRA MEHLMAN, as aider and abetter, NYACK EMERGENCY PHYSICIANS, P.C.,

*Defendants-Appellees,*

EMTEL NYACK PRINCIPALS GROUP,

*Defendant.*

-------------------------------------------------------------------------------

FOR APPELLANT:           Michael H. Sussman, Sussman & Watkins, Goshen, New York.

FOR APPELLEES:           Edward F. Beane, Donna E. Frosco, Keane & Beane, P.C., White Plains, New York.

Appeal from the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 14, 2009, is AFFIRMED.

Plaintiff Peter Lawrence, an African-American doctor who worked in the emergency department at Nyack Hospital, sued defendants Ira Mehlman, the department director, and Nyack Emergency Physicians, P.C. ("NEP"), the corporation that operated the emergency department, for race discrimination under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and New York Human Rights Law. Lawrence now appeals from an award of summary judgment for defendants. See Lawrence v. Nyack Emergency Physicians, P.C., 659 F. Supp. 2d 584 (S.D.N.Y. 2009). We review the district court's decision de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Redd v. Wright, 597 F.3d 532, 535-36 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We analyze Lawrence's discrimination claims under the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973) (Title VII). See Spiegel v. Schulmann, 604 F.3d 72, 80 (2d Cir. 2010) (New York Human Rights Law); Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1187-88 (2d Cir. 1987) (§ 1981).

2

On appeal, Lawrence submits that the district court erred in concluding that he could not establish a prima facie case of discrimination because Mehlman's June 9, 2005 reprimand – which was disavowed soon thereafter – did not, as a matter of law, constitute adverse employment action.[1] See, e.g., Mathirampuzha v. Potter, 548 F.3d 70, 78 (2d Cir. 2008) (holding that plaintiff must show "he suffered an adverse employment action"); Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 128 (2d Cir. 2004) (affirming summary judgment for employer where, inter alia, plaintiff failed to establish that refusal of transfer "constituted an adverse employment action, as required under the third prong of the Title VII prima facie case").

Reprimands or negative evaluation letters may, in some circumstances, constitute adverse employment action, see Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 226 (2d Cir. 2006); Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 755-56 (2d Cir. 2004); Treglia v. Town of Manlius, 313 F.3d 713, 720 (2d Cir. 2002); but cf. Weeks v. N.Y. State (Div. of Parole), 273 F.3d 76, 86 (2d Cir. 2001), abrogated on other grounds by National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), and whether they do is typically a question of fact for the jury, see Sanders v. N.Y. City Human Res. Admin., 361 F.3d at 756. Here, however, the record shows that, after further investigating the May 26, 2005 incident,

---

[1] On June 9, 2005, Mehlman sent Lawrence a memorandum advising him that he did not act appropriately in failing to see a patient who had suffered a miscarriage on May 26, 2005, and on July 6, 2005, the NEP president sent Lawrence a letter demanding his acknowledgment that he would follow Mehlman's instructions regarding the hospital's standard of care.

3

hospital officials concluded that Lawrence did, in fact, follow the appropriate standard of care. Accordingly, on July 19, 2005, John Pellicone, the chief medical officer at Nyack Hospital, sent Lawrence a memorandum stating that "there is now enough evidence to indicate that all standards of care were met. Any previous correspondence critiquing your actions w[as] premature and lack[ed] complete information." Pellicone Aff. ¶ 8. Thus, because he was cleared of any wrongdoing, Lawrence's claim reduces to a complaint about the limited effect of a hastily issued and swiftly disavowed reprimand.

Lawrence cites no case holding that a reprimand, withdrawn within six weeks, rises to the level of "a materially adverse change in the terms and conditions of employment." Mathirampuzha v. Potter, 548 F.3d at 78 (internal quotation marks and emphasis omitted); see also Beyer v. County of Nassau, 524 F.3d 160, 164 (2d Cir. 2008) ("[W]e require a plaintiff to proffer objective indicia of material disadvantage; 'subjective, personal disappointment' is not enough." (brackets omitted) (quoting Williams v. R.H. Donnelley, Corp., 368 F.3d at 128)); cf. Sanders v. N.Y. City Human Res. Admin., 361 F.3d at 756 (affirming jury verdict for employer where critical evaluation was removed from file and promotion to supervisor became permanent). While Lawrence asserts reputational injury, that argument fails for the reason stated by the district court: there is no evidence of defendants' publicizing the reprimand; thus, any such injury resulted solely from Lawrence's publication of the reprimand to gain support among his hospital colleagues. Further, to the extent Lawrence complains about his subjective, personal disappointment regarding shift

4

assignments both before and after the challenged reprimand, his claim that he was given fewer shifts or less desirable shifts is entirely speculative. Lawrence provides no hospital records to specify the dates of alleged shift reductions, and no evidence of which doctors received more or better shift assignments than he did.[2] Accordingly, like the district court, we conclude that the record would not permit a reasonable jury to find that the challenged disavowed reprimand, by itself, sufficiently affected the terms and conditions of Lawrence's employment to constitute an adverse employment action.

Lawrence also challenges the district court's determination that he could not satisfy the final prong of a prima facie discrimination case, namely, a showing of surrounding circumstances permitting an inference of discrimination. See Beyer v. County of Nassau, 524 F.3d at 163. Lawrence contends that such an inference was supported by the disparate treatment of Mark Khilnani, a non-African-American doctor on duty on May 26, 2005, who did not receive a similar reprimand. The record shows, however, that Lawrence and Khilnani were not "similarly situated in all material respects" because (1) Nyack hospital officials not charged with discrimination complained about Lawrence's conduct, but not Khilnani's; and (2) Lawrence, the former interim emergency department director, was significantly more

---

[2] In his brief, Lawrence also cites his own deposition testimony that "there was a discussion in the group" during which other doctors expressed their view that Lawrence received worse shift assignments because of his race. Lawrence Dep. Tr. at 177. In reviewing the district court's award of summary judgment, Lawrence's hearsay account of doctors' statements of opinion is not admissible in evidence. See Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 802.

experienced than Khilnani, a recent medical school graduate. <u>Mandell v. County of Suffolk</u>, 316 F.3d 368, 379 (2d Cir. 2003); <u>accord</u> <u>Graham v. Long Island R.R.</u>, 230 F.3d 34, 39 (2d Cir. 2000). The record does indicate, however, that Mehlman made racially insensitive comments on several occasions.[3] Nevertheless, because Lawrence has failed to adduce evidence of adverse employment action, we need not here decide whether Mehlman's remarks are sufficient, even in the absence of disparate treatment, to permit an inference of discrimination in this case.

We have considered Lawrence's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Lawrence does not assert that "the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of [his] employment were thereby altered." <u>Fincher v. Depository Trust & Clearing Corp.</u>, 604 F.3d 712, 723-24 (2d Cir. 2010) (discussing elements of hostile work environment claim).