*Bennett v. County of Rockland*

# United States Court of Appeals
# For the Second Circuit

August Term 2022

Argued: February 10, 2023
Decided: March 7, 2023

No. 21-2597

LAUREEN CONNELLY, DONNA DELARM, JILL DONOVAN, JEAN FREER, STEFANIE GAUDELLI, ELEANOR GOLD, GRACE HENRIQUEZ, MARION LEAVEY, MARGARET MACKEY, DIANE REEVES, CHRISTINA SAGARIA, ERICA SALERNO, ANTOINETTE WHITE, DEBORAH WHITTAKER, CIVIL SERVICE ASSOCIATION, INC., LOCAL 1000 AFSCME, AFL-CIO, ROCKLAND COUNTY LOCAL 844, COUNTY OF ROCKLAND UNIT 8350, ANN COLE-HATCHARD, and CAROL SCHULER,

*Plaintiffs-Appellees*,

HEATHER BENNETT, WILLIAM BENNETT, and ANDREW SCHWARTZ,

*Plaintiffs*,

*v.*

COUNTY OF ROCKLAND and KATHLEEN TOWER-BERNSTEIN, in her individual capacity,

*Defendants-Appellants*.

Appeal from the United States District Court
for the Southern District of New York

No. 17-cv-2573, Kathryn H. Vratil, *Judge*.

Before:        JACOBS, NATHAN, *Circuit Judge*s, and GONZALEZ, *District Judge*.[*]

Plaintiffs-Appellees (Rockland County Probation Department employees and their union) brought a First Amendment retaliation claim against Defendants-Appellants (the County of Rockland and its Director of Probation). Plaintiffs allege that Defendants retaliated against them for writing a letter to the Rockland County Legislature by holding department-wide emergency meetings and issuing a "Memorandum of Warning."

The district court granted judgment as a matter of law for the Plaintiffs on two liability issues: (1) whether the Plaintiffs' letter had spoken on a matter of public concern and (2) whether the Plaintiffs had spoken as private citizens. A jury trial was held on liability issue (3): whether the Defendants had engaged in an adverse employment action. After the jury entered a verdict for the Defendants, the district court granted the Plaintiffs' renewed motion for judgment as a matter of law. The court held that a reasonable jury was required to find that the Defendants had engaged in an adverse employment action. It later granted Plaintiffs' motion for a permanent injunction prohibiting the Defendants from retaining the Memorandum of Warning or using it against any Plaintiff.

Defendants appeal the district court's decision to grant judgment as a matter of law on Issues (2) and (3). They also challenge the permanent injunction. We hold that the district court erred in granting judgment as a matter of law on Issue (3), because there was sufficient evidence presented at trial to make the jury's original verdict reasonable. Accordingly, we **REVERSE** the district court's judgment and remand the case with directions to enter judgment for the Defendants.

_____

NATHANIEL K. CHARNY, (Russell G. Wheeler, *on the brief*), Charny & Wheeler,

[*] Judge Hector Gonzalez, of the United States District Court for the Eastern District of New York, sitting by designation.

P.C., *for Plaintiffs-Appellees* Laureen Connelly et al.

MATTHEW G. PARISI, Bleakley Platt & Schmidt, LLP (Vincent W. Crowe, Bleakley Platt & Schmidt, LLP, Thomas E. Humbach, County Attorney, *for* County of Rockland, *on the brief*), *for Defendants-Appellants* County of Rockland and Kathleen Tower-Bernstein.

_____

NATHAN, *Circuit Judge*:

This appeal concerns the standard for finding an adverse action in a First Amendment retaliation case brought by government employees. Following a jury trial, the district court granted a renewed motion for judgment as a matter of law for the Plaintiffs-Appellees, overturning the jury's finding in favor of the Defendants-Appellants. There was sufficient evidence presented at trial to make the jury's original verdict reasonable. Accordingly, we conclude that the district court improperly resolved a factual question and reverse the grant of judgment as a matter of law for the Plaintiffs.

## BACKGROUND

On June 9, 2016, a group of employees of the Rockland County Probation Department sent a letter to the Rockland County Legislature (the Letter) that expressed several objections to a proposal to relocate the Probation Department's

3

office.  In response to the Letter, Kathleen Tower-Bernstein, the Department's Director of Probation, directed all Probation Department employees to attend one of two mandatory staff meetings scheduled for June 21 and 22.  Tower-Bernstein also sent each employee who signed the letter an identical Memorandum of Warning (the Memorandum).  The Memorandum states:

> You are reminded that authority to manage the Rockland County workforce, including location of departments, rests solely with the County Executive.  Authority to speak on behalf of individual departments rests with the appointing authority, in conjunction with the Executive office.  By submitting a letter as 'members of the Rockland County Department of Probation,' you have demonstrated a disregard for chain of command, a disrespect for the Office of the County Executive and an ignorance of potential repercussions of your action, including political, economic and public perception.
>
> You are advised that further communication of this nature may result in disciplinary action taken against you.

Joint App'x 173.

Soon after, a group of the employee-signatories and their union (the Plaintiffs) brought a First Amendment retaliation claim against Tower-Bernstein and the County of Rockland (the Defendants).  The Plaintiffs argued that the Letter constituted protected speech because the employees had spoken as private citizens on a matter of public concern.  They also alleged that the Memorandum of Warning and the mandatory department-wide meetings were adverse

4

employment actions taken in retaliation for their speech.

A jury trial was held on three liability issues: (1) whether the Plaintiffs had spoken on a matter of public concern; (2) whether the Plaintiffs had spoken solely as public employees or also as private citizens; and (3) whether the Defendants had taken an adverse employment action against the Plaintiffs.

During the trial, the district court granted the Plaintiffs' motion for judgment as a matter of law on Issue (1), concluding that they had spoken on a matter of public concern when they expressed their opposition to the relocation of the Probation Department's offices. The jury was then asked to decide the remaining issues, but a mistrial was declared after it deadlocked on Issue (2).

A new trial commenced two months later on Issues (2) and (3). After the close of evidence, the Plaintiffs moved for judgment as a matter of law on both issues. The district court granted the Plaintiff's motion on Issue (2), finding that no reasonable jury could have concluded that the Plaintiffs spoke solely as public employees. The jury was then asked to decide only Issue (3). The jury unanimously concluded that the Memorandum of Warning and the emergency meetings did *not* qualify as adverse employment actions taken against the Plaintiffs. The jury therefore entered a verdict in favor of the Defendants.

After trial, the Plaintiffs renewed their motion for judgment as a matter of law on Issue (3). On May 22, 2020, the district court granted the Plaintiff's motion and vacated the jury's verdict for the Defendants. The court stated that the Memorandum and the meetings were a "textbook example of adverse action" and concluded that "as a matter of law, the Memorandum and the emergency meeting—individually or in combination—would have dissuaded a similarly situated person of ordinary firmness from engaging in constitutionally protected speech." Joint App'x 3122–23. "Considering the weight of authority on this issue, and the fact that nothing in the record suggests a good reason why these particular reprimands do not constitute adverse action, a reasonable jury was compelled to find in favor of plaintiffs on this issue." Joint App'x 3124.

The Plaintiffs later moved for a permanent injunction prohibiting the Defendants from using the Memorandum of Warning against any Plaintiff for any reason and removing the Memorandum from all records and files maintained by the Defendants. On September 15, 2021, the district court filed a memorandum and order granting the motion. The Defendants appealed, arguing that the district court erred in granting judgment as a matter of law on Issues (2) and (3). The Defendants also challenge the permanent injunction.

## DISCUSSION

"We review de novo the grant . . . of a motion for judgment as a matter of law under Rule 50." *Wolf v. Yamin*, 295 F.3d 303, 308 (2d Cir. 2002). When deciding a Rule 50 motion, "[t]he district court must view the evidence in a light most favorable to the nonmovant and grant that party every reasonable inference that the jury might have drawn in its favor[.]" *Id.* "Such a motion may only be granted if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008) (cleaned up). Given this standard, we conclude that the district court erred in deciding that the meetings and the Memorandum constituted an adverse employment action as a matter of law.

Often, the question of "whether an undesirable employment action qualifies as being 'adverse' is a heavily fact-specific, contextual determination" that is left for the jury. *Hoyt v. Andreucci*, 433 F.3d 320, 328 (2d Cir. 2006); *see also Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749, 756 (2d Cir. 2004) (affirming denial of Rule 50 motion because jury could reasonably conclude that a negative

7

performance evaluation did not constitute a materially adverse action by municipal employer). In a First Amendment retaliation case, a government employer's response to speech constitutes an adverse action if it "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Dillon v. Morano*, 497 F.3d 247, 254 (2d Cir. 2007) (internal quotation marks omitted). When the alleged adverse action is a reprimand, the factual circumstances specific to a particular workplace are likely to be relevant to this assessment.

The trial record below contains evidence that could lead a reasonable jury to conclude that the test for adverse action was not met. Indeed, the evidence below could support a conclusion that the Memorandum and the meetings were no more than a "'petty slight,' 'minor annoyance,' or 'trivial' punishment." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 165 (2d Cir. 2011) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). For example, one of the Plaintiffs testified that only one employee had ever been suspended in the 26 years that she had worked at the Department of Probation. Joint App'x 2583–84. Another Plaintiff testified that no one had ever been fired during the ten years that Tower-Bernstein served as director. Joint App'x 2449. And a third Plaintiff could not

8

recall a time in which she had ever been told "no" by Tower-Bernstein before June of 2016. Joint App'x 2477. The infrequency of actual disciplinary action at the Probation Department could lead a reasonable jury to infer that the one-page Memorandum and the fifteen-minute meeting would not have deterred a similarly situated employee of ordinary firmness from exercising her First Amendment rights. To be sure, notwithstanding these facts, a reasonable jury could have reached a different conclusion on this record by according greater weight to such evidence as the Probation Department's refusal to withdraw the Memorandum and the testimony of some Plaintiffs that the Department's actions caused them to fear termination and chilled their speech. But there is not "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture." *Brady*, 531 F.3d at 133 (internal quotation marks omitted). Nor is "the evidence in favor of the movant . . . so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *Id.* (cleaned up).

In overturning the jury's verdict, the district court reasoned that "courts in the Second Circuit have repeatedly listed reprimands as core examples of adverse action." Joint App'x 3123. While it is true that our cases have often mentioned

9

"reprimands" when listing examples of adverse employment actions, *see Wrobel v. County of Erie*, 692 F.3d 22, 31 (2d Cir.2012); *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 226 (2d Cir. 2006); *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002); *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999), we have also emphasized that not all "criticism of an employee" rises to the level of "an adverse employment action." *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 570 (2d Cir. 2011). *See Zelnik*, 464 F.3d at 217 ("A plaintiff cannot support [an adverse employment action] determination unless he can show that an alleged act of retaliation is more than de minimis."). The question of whether a *particular* criticism or reprimand qualifies as an adverse employment action will often be a fact-intensive inquiry for the jury. *See Millea*, 658 F.3d at 165 ("A reasonable jury *could* conclude" that an employee would be deterred from exercising his rights "even when, as here, the letter does not directly or immediately result in any loss of wages or benefits . . . ." (emphasis added)); *see also, e.g., Lawrence v. Mehlman*, 389 F. App'x 54, 56 (2d Cir. 2010) (summary order) ("Reprimands or negative evaluation letters *may, in some circumstances*, constitute adverse employment action, and whether they do so is typically a fact for the jury." (emphasis added)) (collecting cases).

While reprimands are often adverse employment actions, the district court

was wrong to conclude that *all* reprimands are, as a matter of law. To hold otherwise would give talismanic significance to a label and invite difficult line-drawing problems around exactly what qualifies as a "reprimand" as opposed to a criticism.

Because we conclude that the district court erred in granting judgment as a matter of law on Issue (3), we do not reach the Appellants' remaining arguments regarding Issue (2). And because the Plaintiffs' motion for a permanent injunction required them to prevail on the merits, the district court's order granting the injunction must be reversed.

\* \* \*

For the foregoing reasons, the judgment of the district court is **REVERSED**, and the case is remanded with directions to enter judgment for the Defendants in light of the jury's verdict.