22-1081-cv
*Airday v. The City of New York, Schwam*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNY CHIN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

ESTATE OF GEORGE AIRDAY,

> *Plaintiff-Appellant*,

GEORGE AIRDAY,

> *Plaintiff*,

v.                                                          22-1081-cv

THE CITY OF NEW YORK AND KEITH SCHWAM,

> *Defendants-Appellees*,

DAVID M. FRANKEL,

> *Defendant*.

_____

For Plaintiff-Appellant:                    NATHANIEL B. SMITH, New York, NY.

1

For Defendants-Appellees:                    MACKENZIE FILLOW (Richard Dearing and Deborah A. Brenner, *on the brief*), *for* the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Estate of George Airday appeals from the April 28, 2022 judgment of the United States District Court for the Southern District of New York (Caproni, *J.*), entered after two separate jury trials, granting Defendants-Appellees' motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). As relevant here, Plaintiff George Airday ("Airday") brought an action against Defendants-Appellees, the City of New York (the "City") and Keith Schwam ("Schwam"), for deprivation of property without due process and selective enforcement after he was terminated from his position as a New York City marshal. The district court held separate trials on the due process and selective enforcement claims, and in each trial, the jury returned a verdict in Airday's favor. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*    \*    \*

We review a district court's grant of a Rule 50(b) motion for judgment as a matter of law *de novo*. *Connelly v. County of Rockland*, 61 F.4th 322, 325 (2d Cir. 2023). "We will overturn the grant of judgment as a matter of law only if, drawing all reasonable inferences in favor of the nonmoving party and making all credibility assessments in his favor, there is sufficient evidence

2

to permit a rational juror to find in his favor." *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995) (internal quotation marks and alterations omitted).

## I.      Selective Enforcement Claim

To begin, we discern no error in the district court's decision to grant Defendant-Appellees' motion for judgment as a matter of law on the selective enforcement claim. To make out a selective enforcement claim, a plaintiff must establish that "(1) the [plaintiff], compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the [plaintiff]." *FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992).

On appeal, Plaintiff-Appellant first contends that four comparators—Howard Schain ("Schain"), Jeffrey Rose ("Rose"), Charles Marchisotto ("Marchisotto"), and Joel Shapiro ("Shapiro")—were similarly situated to Airday. With respect to each comparator, no reasonable jury could have found this to be true. "To satisfy [the similarly situated] standard, the plaintiff's and comparator's circumstances must bear a reasonably close resemblance. They need not, however, be identical. A plaintiff can prevail by showing that she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Hu v. City of New York*, 927 F.3d 81, 96 (2d Cir. 2019) (internal quotation marks and citations omitted); *see also Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) (explaining that what constitutes "all material respects" includes "whether the conduct for which the employer imposed discipline was of comparable seriousness").

Although each of the offered comparators was also a city marshal who committed some form of misconduct, their misconduct was not, as a matter of law, of comparable seriousness to

that of Airday, who was arrested for violation of a court order and possession of an unlicensed firearm. For example, Schain's misconduct consisted principally of tampering with official records, filing a false record, and failing to properly supervise a towing company he hired in connection with his job responsibilities. Similarly, Rose's misconduct included improperly seizing two vehicles, failing to maintain accurate records, and filing false official records to cover up embezzlement by an employee. Although serious, both Schain's and Rose's transgressions in the course of their employment are different in kind from, and not of "comparable seriousness" to, Airday's failure to comply with a court order. Similarly, Marchisotto and Shapiro are not similarly situated comparators because they, unlike Airday, complied with their respective disciplinary orders. Specifically, Marchisotto fully complied with a court order of protection imposed following an arrest, and Shapiro resigned from his position as a marshal upon Schwam's request. Here, the series of events makes clear that Schwam sought to discipline Airday *because* he violated the court order of protection and refused to resign. Thus, because of their compliance with disciplinary action, Marchisotto and Shapiro did not commit misconduct of "comparable seriousness" to Airday's. We therefore conclude that no reasonable jury could find the comparators were similarly situated to Airday.[1] Thus, assuming arguendo that Plaintiff-Appellant's non–class based selective enforcement claim in the public employment context is cognizable, *see Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 594 (2008), we conclude that the district court correctly granted judgment as a matter of law as to this claim.

---

[1] In light of this determination, we need not address whether the second element of a selective enforcement claim—that the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the plaintiff—was satisfied.

4

## II.   Procedural Due Process Claim

We likewise discern no error in the district court's decision to grant Defendants-Appellees' motion for judgment as a matter of law on the procedural due process claim.   "To succeed on a procedural due process claim, a plaintiff must first identify a property right, second show that the state has deprived him or her of that right, and third show that the deprivation was effected without due process."   *Progressive Credit Union v. City of New York*, 889 F.3d 40, 51 (2d Cir. 2018) (internal quotation marks, alteration, and emphasis omitted).   "To determine whether a constitutionally cognizable property right is implicated, we look to whether the interest involved would be protected under state law . . . ."   *Id.*

On appeal, Plaintiff-Appellant advances only the theory that Airday had a constitutionally protected property right in the form of an implied contract with the City that he would be reappointed to the marshal position, without specifying any terms of such a contract.   Under New York law, an implied contract requires consideration, mutual assent, legal capacity, and legal subject matter.   *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368, 381–82 (2d Cir. 2000) (citing *Maas v. Cornell Univ.*, 721 N.E.2d 966, 969–70 (N.Y. 1999)).   The manifestation of mutual assent must be "sufficiently definite to assure that the parties are truly in agreement with respect to all material terms."   *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks omitted) (quoting *Express Indus. & Terminal Corp. v. N.Y. State Dep't of Transp.*, 715 N.E.2d 1050, 1053 (N.Y. 1999)).   Here, Plaintiff-Appellant points to no evidence that any City official, either through words or conduct, mutually assented to a contract to reappoint Airday.   It is true that the norm was for marshals, including Airday, to be held in a holdover position and then reappointed—but that norm alone cannot constitute the requisite mutual assent because it provides no assurance that the parties were in agreement on all

5

material terms of the purported contract.   We therefore conclude that Airday lacked a constitutionally protected property right, and Plaintiff-Appellant's procedural due process claim fails as a matter of law.[2]

*     *     *

We have considered Plaintiff-Appellant's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Accordingly, we need not address whether the remaining elements of a procedural due process claim were satisfied, nor the alternative grounds on which the district court decided against Plaintiff-Appellant's implied contract theory.