22-2882-cv
*Csikos v. 230 Park S. Apartments., Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

---

Gergely Csikos,

> *Plaintiff-Appellant*,

v.                                                                                  22-2882-cv

230 Park South Apartments, Inc.,

> *Defendant-Appellee*.*

---

| | |
|---|---|
| For Plaintiff-Appellant: | BRIAN J. ISAAC, Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY. |
| For Defendant-Appellee: | SETH M. WEINBERG, (Anthony F. DeStefano, *on the brief*), Mauro Lilling Naparty LLP, Woodbury, NY. |

* The Clerk of Court is respectfully directed to amend the caption on the docket consistent with this order.

Appeal from an October 25, 2022 judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Gergely Csikos, a construction laborer, brought a personal injury suit against Defendant-Appellee 230 Park South Apartments, Inc. ("230 Park"), and others, claiming, *inter alia*, breach of New York Labor Law Section 240(1) ("NYLL" or "§ 240(1)"), following an incident that occurred in June 2018 while he performed work using a ladder at a building owned by 230 Park. Csikos claimed that given the nature of the demolition work and the equipment provided, 230 Park violated the NYLL standards to which it was subject as the building owner who contracted for the construction work.

Both parties moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). While the district court granted 230 Park's motion and dismissed Csikos's claims under NYLL § 200 and § 241(6) and common law negligence, it determined that there remained disputed questions of material fact as to liability under § 240(1). Specifically, the district court found there were disputes as to whether 230 Park failed to provide adequate protection as required under § 240(1), and whether the elevation required for the job was so minimal that it did not even require such protection. The parties proceeded to a civil jury trial in October 2022. Finding that questions of fact remained open for the jury, the district court denied judgment as a matter of law (or directed verdict) pursuant to FRCP Rule 50 at all relevant points at which such motions were made. The jury unanimously found in favor of 230 Park, determining

2

that Csikos had not proven by a preponderance of the evidence that 230 Park violated NYLL § 240(1).

On appeal, Csikos challenges the denial of summary judgment and directed verdict as well as certain language used in the jury instructions and verdict form. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

*       *       *

We review Csikos's challenges concerning summary judgment, the directed verdict, and the jury instructions *de novo*. *See Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016) (judgment as a matter of law and jury instructions); *Serricchio v. Wachovia Sec. LLC*, 658 F.3d 169, 179 (2d Cir. 2011) (summary judgment). We review his challenge to the "format and language" of the jury verdict form for abuse of discretion. *Lore v. City of Syracuse*, 670 F.3d 127, 159–60 (2d Cir. 2012).

For the reasons below, we affirm the district court's judgment.

## I.    Summary Judgment

"[New York] Labor Law § 240(1) imposes absolute liability on owners, contractors and their agents for any breach of the statutory duty which has proximately caused injury." *Sanatass v. Consol. Investing Co.*, 887 N.E.2d 1125, 1128 (N.Y. 2008) (quotation marks omitted). New York state courts have explained that "[t]o prevail on a Labor Law § 240(1) cause of action, a plaintiff must prove (1) that the defendant violated Labor Law § 240(1), and (2) that such violation was a proximate cause of his or her injuries." *Mora v. 1-10 Bush Terminal Owner, L.P.*, 186 N.Y.S.3d 51, 53 (App. Div. 2023). In evaluating a claim under NYLL § 240(1), "the single

3

decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential." *Runner v. N.Y. Stock Exch., Inc.*, 922 N.E.2d 865, 866–67 (N.Y. 2009). "Although a fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240(1), liability will be imposed when the evidence shows that the subject ladder was inadequately secured and that the failure to secure the ladder was a substantial factor in causing the plaintiff's injuries." *DeSerio v. City of New York*, 95 N.Y.S.3d 864, 864–65 (App. Div. 2019) (quotation marks and alterations omitted). "The inexplicable shifting of an unsecured ladder may alone support a § 240(1) claim if a worker is caused to fall *due to* such shifting." *Soriano v. St. Mary's Indian Orthodox Church of Rockland, Inc.*, 988 N.Y.S.2d 58, 61 (App. Div. 2014) (emphasis added). "Conflicting evidence with respect to how [the] plaintiff fell from the ladder present[s] a triable issue as to whether [the] plaintiff's injury was attributable to a failure on [the] defendants' part to provide adequate protective devices or was solely attributable to [the] plaintiff's own conduct." *Petrocelli v. Tishman Const. Co.*, 797 N.Y.S.2d 12, 13 (App. Div. 2005). As always, "[s]ummary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting FRCP 56(a)).

Csikos first claims that he was entitled to summary judgment because his employer, contracted by 230 Park, provided him with an "unsecured A-frame ladder" which he alleges failed to remain steady and to keep him from falling while he performed the demolition work. Appellant Br. at 27. The district court agreed that this was sufficient to establish a *prima facie* violation. However, it declined to grant summary judgment because although a "reasonable trier of fact

4

could conclude that [230 Park] failed to provide adequate protection against the risk of falling by allowing Plaintiff to ascend the ladder without a second person or other safety measure to secure the ladder . . . a reasonable trier of fact could also conclude that the ladder was, in fact, secured, or that Mr. Csikos' elevation from the floor was minimal and did not require fall protection." *Csikos v. S.M. Constr. & Contracting, Inc.*, No. 18-CV-09598, 2021 WL 5771921, at *4 (S.D.N.Y. Dec. 3, 2021). Given that genuine disputes existed as to the requirements of the job and what role the ladder did or did not play in Csikos's fall, we must agree with the district court.

Csikos's argument on appeal effectively asks the Court to collapse the liability and proximate cause elements into one *and* accept that any movement of a ladder constitutes a *per se* violation of § 240(1) as a matter of law. This would not only release him from carrying the burden of proof, but would also implicitly bar any defense as a matter of law. However, there is no such legal presumption in New York under the Labor Law here, and many of the cases that Csikos relies on for this proposition are distinguishable and demonstrate that this query is a fact-intensive one.

In one such case, a New York state court explained that "[a] fall from a ladder does not in and of itself establish that the ladder did not provide appropriate protection" and that "[d]efendants would not be subject to statutory liability if plaintiff simply lost his footing while climbing a properly secured, non-defective extension ladder that did not malfunction." *Rom v. Eurostruct, Inc.*, No. 300960/2015, 2016 WL 7971172, at *2–3 (N.Y. Sup. Ct. Dec. 12, 2016) (first quoting *Campos v. 68 E. 86th St. Owners Corp.*, 988 N.Y.S.2d 1, 2 (App. Div. 2014); and then quoting *Ellerbe v. Port Auth. of N.Y. & N.J.*, 936 N.Y.S.2d 39, 40 (App. Div. 2012)). Thus, Csikos was not entitled to summary judgment because a factual question still remained as to whether "the ladder did not provide appropriate protection" or whether instead Csikos "lost his footing" while

5

descending, or if some other sequence of events occurred that bears on the proximate cause element of his unfortunate fall. *Rom*, 2016 WL 7971172, at *2–3 (quotation marks omitted).

## II. Judgment as a Matter of Law

Next, Csikos claims that the district court erred in denying him a directed verdict because "on any view of the evidence, there is no doubt that reasonable and fair minded persons could not arrive at a verdict against" him. Appellant's Br. at 42.

"Judgment as a matter of law is appropriate 'only if [the court] can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would [be] compelled to accept the view of the moving party." *Warren*, 823 F.3d at 139 (first alteration in original) (quoting *Zellner v. Summerlin*, 494 F.3d 344, 370–71 (2d Cir. 2007)). In reviewing the sufficiency of the evidence to support a jury's verdict, this Court asks whether there was "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture," or whether the evidence in favor of the movant is so overwhelming "that reasonable and fair minded [jurors] could not arrive at a verdict against" the movant. *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 155 (2d Cir. 2014) (alteration in original) (quoting *Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir. 2005)).

Csikos argues that the evidence did not support the jury's verdict because 230 Park (1) did not present evidence that the ladder did not move, (2) did not dispute the fact that the ladder did move, and (3) did not offer evidence that Csikos was provided other safety devices. Csikos contends that these failures by 230 Park leave Csikos's *prima facie* case undisputed and that he is

6

therefore entitled to judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure.

However, 230 Park made a case to the jury that the sequence of events leading to the fall did not occur in the way that Csikos recited—ultimately attempting to make its point that 230 Park (through the contractor it hired for the job) adequately equipped Csikos for the needs of the demolition project and did not breach its obligations under NYLL § 240(1). Csikos testified that he was standing on the fourth step of the ladder when it "moved," causing him to lose his balance and fall. App'x at 1139. But 230 Park presented evidence that Csikos told ambulance attendants that he fell after "he missed the bottom step of the ladder," not that the ladder moved. App'x at 1182. 230 Park also presented the testimony of the resident manager of the building, who was present after the incident and stated that the ladder was standing upright, as well as pictures that demonstrated the height and width of the hallway in which the demolition work occurred. 230 Park used this evidence to argue that *either* the elevation differential from the floor to the ceiling was minimal and did not require a ladder *and/or* that the fall did not occur because of a movement by, or defect in, the ladder. A reasonable juror could have considered all of the evidence and concluded that Csikos had not proven by a preponderance of the evidence that his version of the incident was what, in fact, had occurred, thereby rejecting the premise for a finding of liability and proximate cause against 230 Park.

Given the applicable preponderance standard for the burden of proof, and the evidence presented at trial, we cannot say that there was "such a complete absence of evidence" to support a verdict for 230 Park or that "the evidence in favor of [Csikos was] so overwhelming" that Csikos was entitled to judgment as a matter of law. *Connelly v. County of Rockland*, 61 F.4th 322, 325

7

(2d Cir. 2023) (quotation marks omitted).  As such, the district court did not err in denying a directed verdict.

## III.    Jury Instructions and Verdict Sheet

Last, Csikos asserts impropriety in the jury instructions and verdict sheet.  We find no error on these points, either.

### A.  Jury Charge

"'An erroneous instruction requires a new trial unless the error is harmless' . . . [and a]n error is harmless only if the court is convinced that the error did not influence the jury's verdict." *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000) (quoting *LNC Invs., Inc. v. First Fid. Bank, N.A. N.J.*, 173 F.3d 454, 460 (2d Cir. 1999)).  If an instruction improperly directs the jury on whether a party has satisfied its burden of proof, "it is not harmless error because it goes directly to the [merits of the] claim, and a new trial is warranted."  *Id.* (quoting *LNC Invs., Inc.*, 173 F.3d at 463).

On the jury instructions, Csikos argues that the district court should have specifically instructed the jury that failure to secure the ladder against movement of any type would constitute a violation of NYLL § 240(1).  Csikos claims this was harmful error because such an instruction would have resulted in a verdict in his favor.  However, the argument about movement in the ladder is Csikos's theory of the case—not something that the district court was required to instruct the jury to accept as undisputed fact or law.

Even if we accept that this challenge to the jury charge was preserved,[1] "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Lore v. City of Syracuse*, 670 F.3d 127, 156 (2d Cir. 2012) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)). Given that the district court did not err in its instructions as to the legal standard, we find no reversible error. As explained above, Csikos's theory here requires collapsing the liability and proximate cause elements of proof for the § 240(1) claim, but there is no such presumption of causation or *per se* rule. While Csikos was welcome to, and did, make this argument to the jury, it was not harmful for the court to omit it from its jury charge. Thus, the district court's jury charge properly instructed the jury on Csikos's burden of proof.

B. Verdict Form

Similarly, on the verdict form, Csikos claims that the district court erred by overruling his objection to the words "Defendant violated New York Labor Law § 240(1)" in the question on the verdict form. App'x at 1723. Csikos contends that this language could imply to a layperson that 230 Park itself had to *do* something that violated the law in order to be found liable, when in fact "a plaintiff does not have to prove a specific defendant violated the Labor Law [but, rather] only needs to demonstrate the Labor Law was violated." Appellant Br. at 48. Csikos asserts that the question should have been written in the passive voice, without specific reference to 230 Park, as follows: "[H]as Plaintiff proven by a preponderance of the evidence that *there was a violation of New York Labor Law § 240(1)?*" App'x at 1396 (emphasis added).

---

[1] 230 Park argues that this argument was not preserved, asserting that during the charge conference, the parties came to an agreement on this issue.

9

While it is true that § 240(1) "impose[s] absolute liability . . . for any breach of a statutory duty to provide safety measures that proximately cause injury," *Albanese v. City of New York*, 833 N.E.2d 1213, 1214 (N.Y. 2005), it is also true that "[d]ecisions as to the format and language to be used in a [] verdict form are committed to the trial court's discretion, and there is no abuse of discretion if the verdict form, when read in conjunction with the instructions to the jury, clearly presents the material factual issues raised by the pleadings and evidence," *Lore*, 670 F.3d at 159–60 (citations omitted).

While the district court may not have phrased the verdict form in precisely the way Csikos preferred, we cannot say that the wording of the verdict sheet was legally incorrect, or that it led to harmful error, given the totality of the circumstances when read in conjunction with the jury charge as a whole. Here, the concept of 230 Park's absolute liability under § 240(1) was explained to the jury on multiple occasions: 230 Park conceded the standard of absolute liability in its opening; Csikos reminded the jury again at summation; and the court included it in the jury charge right before jury deliberations. The jury was plainly made aware that 230 Park did not have to be at fault for the working conditions or incident directly in order to be held accountable for a violation of the law. As the jury charge explained the concept of absolute liability, and the question on the verdict form is legally sound, we cannot say that the court erred in rejecting Csikos's preferred formulation of the question.

For these reasons, we conclude that Csikos's challenges to the jury instructions and verdict form do not warrant a new trial.

10

     \*       \*       \*

  We have considered Csikos's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk of Court